## BUTLER *v.* THE STATE.

No. 10083. MARCH 14, 1934.

*J. A. Darsey,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. H. Connor, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

HUTCHESON, J. Cliff Butler was indicted for the murder of Clarence Nelms, by running over him with an automobile. The defendant was tried, convicted with a recommendation to mercy, and sentenced to life imprisonment in the penitentiary. His motion for new trial was overruled, and he excepted.

The testimony of Roy Brannan, a witness for the State, was to the effect that he saw the defendant, driving at a high rate of speed, drive his automobile off of the pavement near Griffin in Spalding County, and hit the negro boy Clarence Nelms, who was riding a bicycle along the shoulder of the road and off of the pavement. This witness positively identified the defendant as the driver of the car. Arlin Moore, another witness for the State, testified that he saw the defendant driving his automobile after he had struck and killed the deceased, and that he was running about forty miles an hour. He also testified that he smelled whisky on the breath of the defendant. Harper, chief of police, testified that he examined the defendant's automobile after it had been wrecked, found in one of the fenders a split place in which some human hair was fastened; and that the hair looked like hair from the head of a negro. Roy Brannan testified, on redirect examination, that he saw "Mr. Butler run his car off the pavement on the ground and hit him" (the negro boy), and that the defendant then speeded up his automobile. Officer Williams testified to the hair being in the fender of the automobile, and also testified that the defendant was drunk. Wesley Thomas testified that he witnessed the killing, and that the driver of the automobile, "just before he got to the negro, he run clear across the road and off the pavement and knocked the negro over." The evidence for the State was to the effect that the car which struck the deceased was a Chevrolet, and evidence for the defendant that he did not own such a car; and there was testimony to the effect that the driver of the car was not the defendant. There was ample evidence, however, to authorize the jury to find the defendant guilty.

The following charge of the court to the jury was assigned as error, as being inapplicable to the case: "The law provides that no person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for width, grade, character, traffic, and common use of a street or highway, or so as to endanger life or limb or property in

any respect whatever; but said speed shall not exceed those tabulated below; and there are several tabulated, but the one with reference to the speed of a passenger-car is not exceeding 40 miles per hour." This charge is in substance section 11 of the motor-vehicle act of 1927 (Ga. L. 1927, pp. 226, 236), and is applicable to the facts of this case. The following charge also is assigned as error, as being inapplicable to the case: "The law further provides that an operator shall reduce the speed at crossings or intersections of highways, and at other places not necessary to mention in reference to this case." This charge is in substance a subdivision of section 12 of the motor-vehicle act of 1927, supra, and is applicable to the facts of the case.

■ One ground of the motion for new trial is as follows: "That the court erred in giving the following charge as the law in said case: 'The law further provides that no person shall operate a motor vehicle upon any public street or highway while under the influence of intoxicating liquors or drugs.'" No error is specified in this charge, and no question is presented for determination by this court. *Jackson* v. *State*, 172 *Ga.* 575 (158 S. E. 289).

■ Another ground assigns error on the following charge of the court, as not being full enough and clear enough: "If you say that he acted without intent to kill the deceased, but the accused acted unlawfully, and without malice and without any intention or deliberation, but in the commission of an unlawful act he took the life of the deceased without intent to take it, if you say that is the truth of it, the killing of the deceased would be involuntary manslaughter. You look to the evidence and his statement, and you say whether he was engaged in any unlawful act in the operation of his automobile at the time; and if he was violating the law in operating the automobile at the time, did he act without malice and without any deliberation and intention to kill, and by such unlawful act he took the life of the deceased without intent to do it, then if you say that was the truth of it, you would be authorized to convict him of involuntary manslaughter." This was a correct charge on the law of involuntary manslaughter as applied to the facts of this case. If the defendant desired a fuller charge on the subject, he should have made an appropriate request therefor. The assignment of error is without merit.

■ Another ground assigns error on the court's permitting coun-

sel for the State to ask the witness Roy Brannan the following question: "Did you or not happen to be looking up the street?" The ground recites that counsel for the defendant objected, but the witness was allowed to answer as follows: "I was looking up the street. Mr. Butler was traveling in an automobile. I saw the colored boy before he was killed. He was riding a bicycle. He was riding off the pavement. Mr. Butler was coming towards town. I couldn't tell how fast he was going, but he was driving fast when he hit the negro. The negro lived about five minutes. Mr. Butler speeded the car up after he hit the negro; he didn't stop. He passed me, and I saw him in the car, and I know it was Mr. Butler." Counsel for defendant objected to this testimony, because the question asked was leading. The court may, in the exercise of its discretion, permit a party calling a witness to propound leading questions. Penal Code (1910), § 1045. Furthermore, it does not appear from this ground that counsel moved that the testimony be ruled out because the question was leading, counsel merely calling the attention of the court that the solicitor-general was leading the witness. No ruling of the court was invoked. This ground does not show any reversible error.

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Atkinson, J., who dissent.*

Beck, P. J. I dissent from the judgment of affirmance in this case, because in my opinion the evidence did not authorize a verdict of guilty of the offense of murder.