## JONES *v.* THE STATE.

No. 11943.   NOVEMBER 27, 1937.

70

*W. A. Dampier,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Roy Rowland, solicitor-general, E. S. Baldwin Jr., E. J. Clower,* and *Ellis G. Arnall,* contra.

GRICE, Justice. The injuries from which the deceased died were inflicted by the accused while he was committing two unlawful acts; for it is declared by the Code, § 68-307, that no person shall operate a motor vehicle upon any public street or highway while under the influence of intoxicating liquors; and by § 68-301 no person is permitted to operate a motor vehicle on a public street or highway at a greater rate of speed than forty miles an hour. A violation of either section is a misdemeanor. § 68-9908. Ordinarily the killing of a human being without any intention to do so, but in the commission of an unlawful act, is involuntary manslaughter (Code, § 26-1009); but that section contains a proviso in these words: "Provided, that where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life

of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offense shall be deemed and adjudged to be murder." If one kills another without any intention to do so, but in the commission of an unlawful act, the law grades the offense "involuntary manslaughter," unless the unlawful act is one which, (1) in its consequences, naturally tends to destroy the life of a human being, or (2) is committed in the prosecution of a riotous intent, or (3) in the prosecution of a crime punishable by death or confinement in the penitentiary. If the unlawful act falls under one of these classifications contained in the proviso, the same section declares that "the offense shall be deemed and adjudged to be murder." In the case at bar the jury found the defendant guilty of murder. There is nothing in the record to indicate that the unlawful act here was committed in the prosecution of a riotous intent, or in the prosecution of a crime punishable by death or confinement in the penitentiary. So the inquiry resolves itself into this: was the jury authorized to find that the defendant's act of driving the automobile on the public highway while under the influence of intoxicating liquor, and at a speed in excess of that permitted by law, was one which, under the facts and circumstances, in its consequences naturally tends to destroy the life of a human being? The unlawful act need not be one which necessarily destroys a human life. The test is, does it naturally tend to destroy the life of a human being?

In *Wright* v. *State,* 166 *Ga.* 1, 4 (141 S. E. 903), in delivering the opinion of the majority, Mr. Justice Atkinson said that the proviso in the section defining involuntary manslaughter must be considered in connection with § 26-1002, which defines murder as "the unlawful killing of a human being, in the peace of the State, by a person of sound memory and discretion, with malice aforethought, either express or implied," and that there can be no murder without malice, express or implied. In a dissenting opinion Mr. Justice Hines presented the view that § 26-1002, above quoted, "does not embrace all cases of murder. It is not an all-comprehensive definition of murder in this State." Referring to the involuntary-manslaughter section, he further observed: "Here we have another definition of what constitutes murder. This section defines a different species of murder. It embraces uninten-

tional homicide. It embraces homicides committed without 'malice aforethought.' It embraces cases which can not fall under section 60 [26-1002], as under that section homicides must be with 'malice aforethought,' and therefore intentional homicides." The Justices were there dealing with a demurrer to an indictment which alleged that the accused wrongfully, unlawfully, and involuntarily, and while in the commission of an unlawful act, to wit, driving an automobile upon a highway described, at a speed of fifty miles per hour when going around a curve and while meeting a wagon, as alleged in the indictment, did run and drive the automobile against and upon the person named, an infant of three years, who was.standing on the extreme outer edge of the highway and in clear view of the accused, thereby inflicting upon that person a mortal wound from which he died. In the instant case the indictment charged malice, and there was no demurrer. Irrespective of the conflicting views expressed in *Wright* v. *State,* supra, we are of the opinion that when an indictment, among other things, alleges that the accused feloniously and with malice aforethought, with an automobile, struck and killed the deceased, a verdict of murder can not be said to be unauthorized, though the proof shows that the killing was involuntary; provided it further shows that the killing happened in the commission of an unlawful act which in its consequences naturally tended to destroy the life of a human being. In such a case the law will imply malice. Section 26-1002, which in its definition of murder names malice, express or implied, as a necessary ingredient of the crime, is not inconsistent with the proviso above quoted in the definition of involuntary manslaughter, if we say that malice may be implied under the situation referred to. We do not mean that every unlawful act resulting in the destruction of a human being would justify the presumption of malice. It is only when the killing "shall happen in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being" that the law will imply malice, so as to make the homicide murder. In Goodman *v.* Commonwealth, 153 Va. 943 (151 S. E. 168), this language was used by Prentis, C. J.: "When men, while drunk or sober, drive automobiles along highways and through crowded streets recklessly, the killing of human beings is a natural and probable result to be anticipated. When a homicide follows as

a consequence of such conduct, a criminal intent is imputed to the offender, and he may be punished for his crime. The precise grade of such a homicide, whether murder or manslaughter, depends upon the facts of the particular case."

We need not here adjudge that when a person, under the influence of intoxicating liquor, speeds an automobile along a highway, the killing of a human being is a natural and probable result to be anticipated; nor conclude that the unlawful act is one which in its consequences naturally tends to destroy human life, so as to grade the homicide murder. It is enough for us to decide, as we do, that the jury may or may not so find, depending upon the facts of each particular case. The degree of intoxication, the rate of the excessive speed, the weather conditions, the density of traffic, the physical character of the roadway, the nearness to a center of population, are among the matters a jury might wish to consider in determining whether the killing was involuntary manslaughter or murder. The number of motor vehicles on our highways is rapidly increasing. Other cars and pedestrians are to be anticipated. Our highways are narrow. It is a fact well known to every observing person that drunken drivers constitute a menace. They render travel unsafe. For them to have collision with other cars is a frequent occurrence. The finding of the jury necessarily means that under the facts of this case the defendant, driving a car on a public highway at an excessive rate of speed, while under the influence of liquor, contrary to our laws, was engaged in an act "which in its consequences naturally tended to destroy the life of a human being." The verdict is not unsupported by the evidence.

*Judgment affirmed. All the Justices concur.*
RUSSELL, C. J., and ATKINSON, P. J., concur in the result.