## IVEY v. THE STATE.

No. 13452. January 14, 1941.

*James R. Davis Sr.,* and *James R. Davis Jr.,* for plaintiff in error.
*Ellis G. Arnall, attorney-general, W. H. Connor, solicitor-general, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

Reid, Chief Justice. The accused was convicted of the murder of Miller Jones, under an indictment which charged that the defendant "with malice aforethought and with an automobile, same being an instrument and instrumentality likely to produce death, did drive an automobile upon, over, and against Miller Jones unlawfully, feloniously, wilfully, and of his malice aforethought," which act it was alleged caused the death of Jones. He was sentenced to life imprisonment, on recommendation of mercy. His motion for new trial upon the general grounds, and a ground setting up newly discovered evidence, was overruled.

The evidence discloses that the accused, while driving an automobile on the public highway "at a fast rate of speed," collided near the brow of a hill with another automobile driven by the person who was killed in the collision. The accused in his statement to the jury contended that he met the Jones car as he rounded the curve "on my side of the road." The charge of the court is not brought up in the record, and therefore we do not know upon

what issues the case was submitted to the jury. We assume it was upon the suggestion that in the commission of the act the accused was at the time violating some provision of the law in reference to the operation of motor vehicles, because there is no proof of any malice or intention to kill. But when the evidence is examined we do not find anything that would authorize the inference that the killing happened in the commission by the accused of any unlawful act naturally tending to destroy the life of a human being. In the view we take of the evidence it is totally wanting in anything that would show such wanton disregard of human life as would authorize the jury to imply malice or an actual intention to kill. This court, in *Butler* v. *State,* 178 *Ga.* 700 (173 S. E. 856), *Jones* v. *State,* 185 *Ga.* 68 (194 S. E. 216), and *Meadows* v. *State,* 186 *Ga.* 592 (199 S. E. 133), held that the evidence was sufficient to authorize the jury to find that the defendant at the time of the killing was engaged in one or more unlawful acts in operating an automobile, and from that affirmed convictions, although in the *Butler* and *Meadows* cases the holding was by a divided court and in the *Jones* case two Justices concurred only in the result. In those cases there was clear proof of speed in violation of the statute and of driving while intoxicated. There is no such proof in the present case. There was a statement from a' witness that the accused was driving "on the left side of the road," but the circumstances under which he was so driving are not shown with sufficient certainty to disclose a violation of law, even if such when properly shown would support a conviction of murder. It would at least be difficult to distinguish such case from the definition of involuntary manslaughter as found in our Code, § 26-1009. We hold that the evidence failed to support the verdict.

As the judgment refusing a new trial is reversed, we make no ruling on the ground relating to newly discovered evidence.

*Judgment reversed. All the Justices concur.*