## POWELL *v.* THE STATE.

No. 13881. JANUARY 15, 1942. REHEARING DENIED FEBRUARY 12, 1942.

*J. Roy Rowland* and *Emory L. Rowland,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, E. S. Baldwin Jr.* and *J. Eugene Cook, solicitors-general, E. J. Clower* and *C. E. Gregory, assistant attorneys-general,* contra.

REID, C. J. ■ Ordinarily to kill a human being without any intention to do so is involuntary manslaughter, which may be a crime if done in the commission of an unlawful act, or if done in the commission of a lawful act, but without due caution and circumspection; but "where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, . . the offense shall be deemed and adjudged to be murder." Code § 26-1009. Whether such an unlawful act is one that naturally tends to destroy a human life is a question of fact to be determined by a jury. Thus, while an automobile is not per se a deadly weapon, it may be so operated as to destroy human life; and if the driver of an automobile operates it in violation of the law, and the unlawful manner of operation is such as the jury may find naturally tends to destroy human life, a homicide resulting from such operation may be adjudged to be murder. *Butler* v. *State,* 178 *Ga.* 700 (173 S. E. 856); *Jones* v. *State,* 185 *Ga.* 68 (194 S. E. 216); *Meadows* v. *State,* 186 *Ga.* 592 (199 S. E. 133).

■■ The only special ground of the motion for new trial assigns error upon the failure of the judge to charge the jury upon the law of circumstantial evidence. It is contended, not that there was a request so to charge, but that the conviction depended entirely upon circumstantial evidence, and for this reason such an instruction was required. The contention is that the various statutes which the State sought to prove had been violated by the defendant relate to the operation of motor vehicles on public highways; that the evidence as to the nature and character of the road along which both parties were traveling was wholly circumstantial, and the defendant's conviction was consequently wholly dependent upon circumstantial evidence. It is strongly urged that the proof as to the intoxicated condition of the defendant was entirely cir-

cumstantial; and that even if there had been direct evidence of drunkenness, there was no direct evidence that the defendant operated his automobile upon a public highway while intoxicated or under the influence of intoxicants. The statutes regulating the operation of motor vehicles variously refer to the "highways" and the "public highways" of the State. A highway is a public road, and the terms "highways" and "public highways" as used in these statutes mean "public roads" as distinguished from private ways. The meaning is not confined to the public highways which form the State highway system. *Southern Ry. Co.* v. *Combs,* 124 *Ga.* 1004 (53 S. E. 508); *Schlesinger* v. *Atlanta,* 161 *Ga.* 148, 159 (129 S. E. 861). While there was no direct evidence that the collision which resulted in the death of the decedent occurred on a State highway, unless we should take judicial notice that the Bee-Line Highway is a part of the State system, there was direct and positive evidence that the collision took place on a highway. There was also direct proof that the defendant was driving without lights, and that he drove his car on the wrong side of the road and into the car of the decedent, in violation of the Code, § 68-303. It is strongly contended by able counsel for the defendant that there was no direct evidence that the collision occurred at night. The driver of the decedent's car testified that the collision took place about 7:30 p. m. on March 16, 1941, and that it was getting dark. Whether or not this proof directly established that the collision occurred at night, and whether or not we should judicially know that it was dark in Johnson County, Georgia, at 7:30 p. m. Eastern Standard Time, on March 16, 1941, the court does take judicial notice of the time of the setting of the sun; and that at the time of the collision here involved, it was more than a half-hour after sunset. Accordingly, the defendant was required by the act of 1939 (Ga. L. 1939, pp. 295, 303) to have his car lighted. In view of the direct proof of illegal operation of the automobile by the defendant, and the direct and undisputed evidence that he actually drove the car which collided with that of the decedent, it can not be said that the conviction was dependent solely upon circumstantial evidence, or that the court's failure to charge on the law of circumstantial evidence without a request was error.

■ The evidence fully authorized the jury to find that the defendant was operating his car along a public highway in violation

of the statutes referred to in the foregoing divison of the opinion, and that he was in a drunken condition as he did so. The verdict can not be set aside on the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur except Atkinson, P. J., who dissents.*