Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1944.

## POWELL v. MEYER, Warden.

### No. 8738.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 14, 1945.

Decided Feb. 16, 1945.

Thomas Potter, of Princeton, N. J., for appellant.

C. William Caruso, of Newark, N. J. (Walter D. Van Riper, Atty. Gen. of New Jersey, and Jerome B. Litvak, Deputy Atty. Gen. of New Jersey, on the brief), for appellee.

Before PARKER and GOODRICH, Circuit Judges, and BARD, District Judge.

PER CURIAM.

This is an appeal from an order refusing to issue a writ of habeas corpus. It appears from the face of the petition and admissions made in presenting it to the judge below that petitioner was convicted in a court of the State of Georgia of the crime of murder and was sentenced to life imprisonment; that he escaped from prison and came to the State of New Jersey; that he was arrested in the latter state on a warrant charging him with being a fugitive from justice; that the Governor of New Jersey in extradition proceedings ordered him returned to the State of Georgia; and that at the time of the filing of his petition for writ of habeas corpus he was held in custody under the warrant of extradition issued by the Governor of New Jersey.

Petitioner alleged in his petition that in the trial in Georgia which resulted in his conviction he was denied the equal protection of the laws guaranteed by the 14th Amendment, although he admits that he was represented by competent counsel and that his conviction was appealed to and affirmed by the Supreme Court of Georgia. Powell v. State, 193 Ga. 398, 18 S.E.2d 678. He makes no showing of having exhausted his remedies under state law or that any rights which he may have can-

not be adequately safeguarded by appeal to the state tribunals. Under such circumstances it is perfectly clear that he is not entitled to the writ of habeas corpus from a federal court. Aside from the fact that the confinement of which he complains arises from the warrant issued by the Governor on the admitted fact that he is a fugitive from justice, it is well settled that the writ of habeas corpus from a federal court may not be used as a substitute for a writ of error to review the proceedings of state court, nor, even where there is allegation that the denial of constitutional rights is so gross as to oust the court of jurisdiction and invalidate the proceedings, may it be availed of until all remedies under the law of the state have been exhausted. See Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, and cases there cited.

Affirmed.