SMITH *v.* THE STATE.

No. 15280.   November 19, 1945.   Rehearing denied December 3, 1945.

*Erwin & Nix* and *Shackelford & Shackelford,* for plaintiff in error.

*Eugene Cook, Attorney-General, R. Howard Gordon, Solicitor-General, Durwood T. Pye, W. W. Armistead,* and *Victor Davidson, Assistant Attorneys-General,* contra.

WYATT, Justice. ■ We deal first with the general grounds of the motion for new trial. It is contended that there could be no conviction of murder in this case for the reason that no malice, either express or implied, was shown. As evidence of the fact that the question now under consideration presents difficulties, it may be stated that, so far as we have been able to determine, in no case before this court where the question now under considera-

tion has been raised, in a case involving death as the result of the decedent's being struck by an automobile, has there been a full-bench decision.

It is provided by our law as follows: "Murder is the unlawful killing of a human being, in the peace of the State, by a person of sound memory and discretion, with malice aforethought, either express or implied." Code, § 26-1002. "Express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof." § 26-1003. "Malice shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart." § 26-1004. "Manslaughter is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary, upon a sudden heat of passion, or involuntary, in the commission of an unlawful act, or a lawful act without due caution and circumspection." § 26-1006. "Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner: Provided, that where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offense shall be deemed and adjudged to be murder." § 26-1009.

These sections of our Code must be considered together. The section first quoted, defining murder, expressly provides that malice must be present. Section 26-1006, above quoted, expressly provides that malice, either express or implied, differentiates murder from manslaughter, both voluntary and involuntary. Can it be said that the provision in section 26-1009, "that where such involuntary killing shall happen in the commission of an unlawful act, which, in its consequences, naturally tends to destroy the life of a human being, . . the offense shall be deemed and adjudged to be murder," has the effect of dispensing with the proof of malice in this class of cases? We think not. The only definition that we have of murder in our law is one in which the fact

of malice, either express or implied, must appear. We do not think, therefore, that in any case can there be murder without malice, either express or implied.

We are next confronted with the question whether all unlawful acts resulting in the death of a human being would justify the presumption of malice. We do not think so. This presumption of malice exists only when the killing "shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being."

The final question for consideration is whether the proved facts in the instant case, in the light of what has been said above, show implied malice. The first pronouncement of this court on the question now under consideration, in a case where the killing was the result of the decedent's having been struck by an automobile, appears to be the case of *Wright* v. *State,* 166 *Ga.* 1 (2), 4 (141 S. E. 903). The question there dealt with was raised by a demurrer to a count in an indictment, which alleged that the accused wrongfully, unlawfully, and involuntarily, and while in the commission of an unlawful act, to wit, driving an automobile upon a highway described, at a speed of 50 miles per hour, when going around a curve and while meeting a wagon (as alleged in the indictment), did run and drive the automobile against and upon the person named, an infant of three years, who was standing on the extreme outer edge of the highway, and in clear view of the accused, thereby inflicting upon that person a mortal wound from which he died. This court there said: "There can be no murder without *malice express* or *implied.* If an indictment does not allege malice in express terms, it must do so by employment of equivalent words. *Gates* v. *State,* 95 *Ga.* 340 (22 S. E. 836). The proviso in section 67 [Code, § 26-1009] is founded on the principle of implied malice, and does not dispense with necessity of expressly alleging implied malice or its equivalent in an indictment for murder. If it did so, it would conflict with section 60 [Code, § 26-1002] ; and it should not be so construed. The proviso in section 67 does not name specific acts that would bring a case within its provisions. The second count in the indictment does not expressly allege implied malice. Whether it alleges the equivalent of implied malice depends upon the language employed. To be sufficient for that purpose the alleged acts of the defendant

should be done 'so carelessly and recklessly that the law would imply an actual intention to kill from the mere wantonness of the act, and death resulted.' *Pool* v. *State,* 87 *Ga.* 526 (8) (13 S. E. 556). The allegation in the second count that the specific acts in their 'consequences naturally tended to destroy the life' of the child is no broader than the specific facts alleged. These were insufficient to imply malice. The second count of the indictment was sufficient as a charge of involuntary manslaughter in the commission of an unlawful act, but it was not sufficient as a charge of murder." We conclude that evidence, in order to show the equivalent of implied malice, must not only show an unlawful act but must also show acts of the defendant so careless and reckless that the law would imply an actual intention to kill from the mere wantonness of the act, and death resulted. *Butler* v. *State,* 178 *Ga.* 700 (173 S. E. 856), was a case in which this court upheld a conviction of murder. In that case it appeared that the defendant was under the influence of whisky, and that, "just before he got to the negro, he 'run clear across the road' and off the pavement and knocked the negro over." *Jones* v. *State,* 185 *Ga.* 68 (194 S. E. 216), was a case in which the deceased was killed by being hit with an automobile. There the driver of the automobile was under the influence of intoxicating liquor. The evidence showed that the occupants of the defendant's car "were hollering like drunken negroes." It further appeared that the accused was arrested "about thirty minutes after the deceased was struck. The accused was lying very drunk in his automobile. There were empty whisky and wine bottles in his car, and his car had been injured, a running-board knocked off." This court affirmed a conviction of murder in that case, but in the opinion used this language: "We do not mean that every unlawful act resulting in the destruction of a human being would justify the presumption of malice. It is only when the killing 'shall happen in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being' that the law will imply malice, so as to make the homicide murder." In *Meadows* v. *State,* 186 *Ga.* 592 (199 S. E. 133), a conviction of murder was affirmed. There the defendant was under the influence of whisky, and was "driving his car that afternoon in a manner they [witnesses] regarded as reckless." A witness riding

with the defendant testified, "I told him three times before he hit the man that yonder was a man walking." One witness testified that the car "wobbled." The next case in which an automobile was involved appears to be *Powell* v. *State*, 193 *Ga.* 398 (18 .S. E. 2d, 678). In that case it appeared that the cars collided, as a result of which an occupant of one of the cars was killed. A conviction of murder was upheld. It there appeared "that the decedent's car was on its right side of the road, and almost ran into the ditch just before the collision, because the driver was trying to dodge the approaching car of the defendant and the ditch; that the defendant's car 'was coming kindly cross the road.'" It was shown that the defendant was under the influence of whisky.

The last case of this character before this court was *Josey* v. *State*, 197 *Ga.* 82 (28 S. E. 2d, 290). In that case a conviction of murder was upheld. There the facts showed that the defendant, in the business section of a town, at night with the street lights burning and the lights burning on his car, with nothing to obstruct his view, while driving his automobile at a lawful rate of speed, ran into a company of troops marching in a public street; that when he first hit the men his car slowed, by reason of the impact, almost to a stop; that he appeared to change gears on his car and lunged forward through the company of men, knocking down and injuring some ten or fifteen of the men, and finally hitting and killing the deceased, who was forty or more feet from the place where he first ran into the column of men. It likewise appeared that he was under the influence of whisky.

We think that all of those cases differ on their facts from the instant case. In all of those cases, the defendant appeared to be under the influence of whisky. In this case, the defendant was not under the influence of any intoxicant. The evidence fails to show that he was driving on a street or in a thickly populated community. The State patrol officer referred to the scene of the killing as being "out here on the highway near Crawford." The witness, Samuel Evans, said that the deceased "was on the right side of the road coming towards Crawford;" also that he saw a mule on the highway a few hundred yards before you get to Crawford, and that the deceased was struck by the automobile over the hill from where he saw the mule. We think it a fair conclusion from the record that the deceased was hit by the automobile in-

side the city limits of Crawford, but on the road or highway out-
side the populous part of the city. We therefore have a situation
in which the car was being driven within the limits of a munici-
pality, but in fact out of the city on a country road or highway.
The only unlawful act proved on the part of the defendant was
that he was operating the automobile at a rate of speed of "about
40 or 45 miles per hour," while the ordinance of the City of Craw-
ford provided a maximum speed limit of 30 miles per hour. Can
it be said that this defendant, who, under the evidence, was guilty
of no unlawful act other than driving his car at a speed of 40 or 45
miles per hour, when the city ordinance provided a speed limit of
30 miles per hour, at a point which in fact, although within the
city limits, was on a country road, was "so careless and reckless
that the law would imply an actual intent to kill from the mere
wantonness of the act, and that death resulted?" We think not.
The evidence in this case did not show an unlawful act "which,
in its consequences, naturally tends to destroy the life of a human
being." There was no evidence of express malice. It follows that
the verdict is without evidence to support it and must be set aside.

Special ground 1, being a mere amplification of the general
grounds, is controlled by the ruling herein made.

■ In special ground 2, complaint is made because the court
failed to charge the rules with reference to circumstantial evidence
(Code, § 38-109), how intention may be manifest (§ 26-202),
and accident (§ 26-404). The only portion of this ground in
which any merit appears is that dealing with the failure to charge
the rule with respect to accidental homicide as embodied in the
Code, § 26-404. The jury, under the State's evidence, could have
found that the deceased came to his death by walking in front of
the truck driven by the defendant, and the defendant was entitled
to a charge on accidental homicide, irrespective of whether a writ-
ten request was made.

■ Special grounds 3 and 4, complaining of excerpts from the
charge, show no error. The first of these grounds complains be-
cause the court eliminated from the charge the theory of involun-
tary manslaughter in the commission of a lawful act. This grade
of homicide was not involved under the evidence or the defendant's
statement, and the court properly withheld it from consideration
by the jury. The other ground, complaining of an instruction as

follows, "I charge you, gentlemen, that pedestrians and motor vehicles have equal rights to the highways of this State," shows no harmful error, the criticism of this charge being that the court should have charged in connection therewith other propositions of law. In the absence of a written request, no error appears.

■ Special ground 5 complains of the admission of testimony by a State trooper, who was offered as a witness for the State, to the effect that Samuel Evans made a statement concerning the homicide, and that this statement was freely and voluntarily made. Ground 6 complains of the same evidence elicited from the witness Samuel Evans. To this testimony counsel for the defendant made timely objections.

Samuel Evans was the State's main witness. He was not a joint defendant or coconspirator. When the evidence was offered, a lengthy colloquy, which we deem unnecessary to quote, occurred between the judge and counsel. The court properly refused to allow the witness to testify as to the contents of any statement made by Samuel Evans, and ruled out of evidence the use of the word "confession;" but permitted the State trooper, the first witness for the State, to testify that Samuel Evans had made a statement to the officers concerning the manner in which the homicide occurred, and that the statement was freely and voluntarily made. This testimony was not offered in rebuttal of evidence submitted by the defendant. It could have been offered for but one purpose—to bolster the testimony of the State's main witness, who later testified. The statement testified about was not made in the presence of the defendant. We think that the evidence was inadmissible; and on another trial of the case it should not be allowed to go to the jury. The same ruling applies to the evidence of a similar nature given by the witness Samuel Evans.

■ As to special ground 7, the court did not err in refusing to allow the State's witness, Samuel Evans, to answer on cross-examination, over timely objection, the following question: "How long since you have been out of the chaingang in Fulton County?" *Howard* v. *State*, 144 *Ga.* 169 (2) (86 S. E. 540); *Swain* v. *State*, 151 *Ga.* 375 (4) (107 S. E. 40); *Morgan* v. *State*, 17 *Ga. App.* 124 (3) (86 S. E. 281); *Braxley* v. *State*, 17 *Ga. App.* 196 (5) (86 S. E. 425).

■ In special grounds 8 and 9 error is assigned because the court charged the law of involuntary manslaughter in the commission of an unlawful act, as embodied in the Code, § 26-1009; it being contended, (1) that there was no evidence authorizing such a charge, and (2) that the indictment being for murder, and containing no count alleging involuntary manslaughter in the commission of an unlawful act, the defendant could not be convicted of this grade of homicide. The assignment of error is without merit. As to the first objection, there was ample evidence authorizing the charge; and as to the second objection, the indictment for murder was sufficient to include the lesser offense. See *Reams* v. *State,* 24 *Ga. App.* 135 (100 S. E. 230).

■ The last ground of the amended motion, in which complaint is made "that the court erred in admitting in evidence over objections of movant the copy purporting to be a copy of the ordinance of the Town or City of Crawford," is too indefinite and incomplete to present any question for decision, in that it is not shown what objections were urged at the trial to the admission of this evidence, and the documentary evidence is not set out literally or in substance in the motion for new trial, or attached thereto as an exhibit.

*Judgment reversed. All the Justices concur, except Bell, C. J., and Candler, J., who dissent, and Head, J., disqualified. Duckworth and Atkinson, JJ., concur specially.*

ATKINSON, Justice. I concur in the judgment of reversal for the reasons stated in my special concurrence in *Huntsinger* v. *State,* 200 *Ga.* 127, but do not concur in all that is stated in the opinion in the present case.