HERMAN POWELL, PROSECUTOR, v. ALFRED R. MEYER, WARDEN OF THE ESSEX COUNTY JAIL, DEFENDANT.

Submitted February 5, 1946—Decided April 22, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Thomas Potter* and *William Kreuger*.

For the defendants, *Walter C. Van Riper, Jerome B. Litvak* and *C. William Caruso*.

The opinion of the court was delivered by

DONGES, J. This matter is before us on rule to show cause why a *certiorari* should not issue to review the judgment of the Essex County Court of Common Pleas in dismissing a writ of *habeas corpus* theretofore issued by that court.

Prosecutor, a resident of the State of Georgia, was arrested, indicted, tried and convicted by the courts of Georgia upon the charge of murder and sentenced to life imprisonment. He was imprisoned in the Johnson County jail, in Georgia. After conviction the prosecutor sought a new trial, which was denied; he thereupon appealed to the Georgia Supreme Court, which affirmed the conviction on January 15th, 1942 (*Powell* v. *State*, 193 *Ga. Rep.* 398; 18 *S. E. Rep.* (2d) 678), and on February 12th, 1942, denied a re-hearing. On February 27th, 1942, Powell left the jail and came to Newark, in this state, where he became employed. On May 29th, 1944, he was arrested by the police of the City of Newark and, since that time, has been held on an extradition warrant from the Governor of Georgia, in the Essex County jail.

On August 14th, 1944, Governor Edge issued the rendition warrant for his arrest and return to Georgia. No question is raised as to the sufficiency and propriety of the extradition proceedings. On August 25th, 1944, prosecutor obtained a rule to show cause why a writ of *habeas corpus* should not issue, and on August 25th, 1944, upon the return of the rule to show cause, Judge Fake, sitting in the United States District Court for the District of New Jersey, dismissed the rule and denied the writ. Prosecutor appealed to the United States Circuit Court of Appeals for the Third District, which court, after oral argument, affirmed the judgment below. (*Powell* v. *Meyer*, 147 *Fed. Rep.* (2d) 606.) Thereupon application was made to the Essex County Court of Common Pleas and

a writ of *habeas corpus* was issued. On June 15th, 1945, hearing was held and on June 29th, 1945, an order was entered by Judge Hartshorne dismissing the writ of *habeas corpus* and remanding the prosecutor herein to the custody of the warden of the Essex County jail. This order bears the following: "We hereby consent to the making and entering of the above order," with the signature of prosecutor's attorney. Judge Hartshorne's opinion is reported in *Powell* v. *Meyer,* 23 *N. J. Mis. R.* 222; 43 *Atl. Rep. (2d)* 175.

The only question raised on this application is the propriety of prosecutor's conviction and its affirmance in the courts of Georgia. It is asserted that prosecutor was denied a fair and impartial trial; and that his conviction was the result of bias and prejudice. It is clear that the asylum state of a person fleeing the state of his conviction for crime has no right to consider the merits of his trial, but only the question as to the obligation of the asylum state to surrender the person to the state from which he fled. As to the existence of the essential facts in this case to require this state to surrender the prosecutor to the State of Georgia, there is no dispute and there is nothing to raise such a question.

The question of guilt or innocence, or whether there was a violation of prosecutor's constitutional rights in the proceedings in the courts of Georgia, cannot be determined by the courts of this state. They are to be determined by the courts of the state in which he was tried, and, if denied what he conceives to be his constitutional rights, he may apply to the United States Supreme Court for the protection of such rights.

We conclude that this court is without jurisdiction to deal with the alleged denial of prosecutor's constitutional rights by the courts of Georgia, on return of a writ of *habeas corpus,* and that the rule to show cause must be discharged and a writ of *certiorari* to review the action of the Essex County Court of Common Pleas denied.