## SMITH *v.* THE STATE.

No. 16228. July 13, 1948. Rehearing denied July 28, 1948.

*J. B. Jackson* and *George L. Jackson*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *C. S. Baldwin Jr.*, Solicitor-General, and *Dan P. Winn*, contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ On the general grounds of the motion for new trial, it is insisted by the plaintiff in error that the evidence was insufficient to authorize the jury to find that the killing happened "in the commission of an unlawful act, which in its consequences, naturally tends to destroy a human life" (Code, § 26-1009); and that the judgment denying a new trial should be reversed on the same grounds and for the same reasons as those in the recent cases of *Huntsinger* v. *State*, 200 *Ga.* 127 (36 S. E. 2d, 92), and *Smith* v. *State*, 200 *Ga.* 188 (36 S. E. 2d, 350). Both of those cases contain a comprehensive discussion of the related sections of our Code, and a review of the previous decisions by this court on the subject of murder resulting from the unlawful operation of an automobile. The majority opinions, which reversed the judgments denying new trials, were based on the ground that the evidence failed to show that the homicide happened in the commission of an unlawful act "which, in its consequences, naturally tends to destroy the life of a human being." In neither of those cases was there any evidence that the driver of the automobile involved was under the influence of an intoxicating liquor at the time of the killing.

While an automobile is not per se a deadly weapon, it may be operated in such a manner and under such circumstances as to destroy human life. To determine whether the killing is manslaughter or murder under § 26-1009 of the Code, the jury should consider all the surrounding circumstances, such as the rate of excessive speed, weather, traffic, physical character of the highway, nearness to centers of population, and degree of intoxication of the driver.

In the instant case, there was ample evidence to authorize the jury to find that at the time of the collision the defendant was operating his automobile in an unlawful manner by violating

three statutes governing the operation of motor vehicles upon public highways of this State, viz: § 68-301, which prescribes the speed limits for motor vehicles traveling on public highways; § 68-303 (e), which directs that drivers shall reduce speed and keep to the right of center of the highway when rounding curves; and, § 68-307, which prohibits the operation of a motor vehicle upon a public highway by a driver while under the influence of an intoxicating liquor. The jury was authorized to find that, while operating his automobile in such manner, contrary to our laws, the defendant was engaged in an act "which, in its consequences, naturally tends to destroy the life of a human being," and to find him guilty of murder. See *Butler* v. *State,* 178 *Ga.* 700 (173 S. E. 856) ; *Jones* v. *State,* 185 *Ga.* 68 (194 S. E. 216) ; *Meadows* v. *State,* 186 *Ga.* 592 (199 S. E. 133) ; *Powell* v. *State,* 193 *Ga.* 398 (18 S. E. 2d, 678) ; *Josey* v. *State,* 197 *Ga.* 82 (28 S. E. 2d, 290).

The verdict can not be set aside on the general grounds of the motion.

■ In special ground one it is insisted that the court erred in not declaring a mistrial, on motion of the accused, on account of a remark made by the solicitor-general in his concluding argument to the jury, as follows: "If any one came along at a reckless rate of speed and scattered my children's legs about in one place and their brains in another place I would take my shotgun and kill him."

In ruling on the motion for a mistrial the court stated: "Mr. Baldwin, the statement you have just made to the jury and to which objection is made, was improper. It has no place in this case. It should not have been made by you. You, gentlement of the jury, will totally disregard the statement of the solicitor-general, to which objection was made. It was an improper statement, and should not have been made by him. You will completely disregard it and eliminate it from your minds. You are instructed to give no consideration to his statement, or allow it to influence your verdict."

The trial judge in passing upon a motion for mistrial on account of alleged improper argument or remarks to the jury is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused. Code,

§ 81-1009; *Manchester* v. *State*, 171 *Ga.* 121 (7) (155 S. E. 11) ; *Georgia Power Co.* v. *Puckett*, 181 *Ga.* 386 (2) (182 S. E. 384) ; *Brooks* v. *State*, 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752). Assuming that the remark was improper, in view of the rebuke of the solicitor-general by the judge, and his positive instruction to the jury to disregard such remark and give it no consideration, we can not say that the refusal to declare a mistrial was an abuse of discretion and denied the defendant the right to a fair trial. *Hicks* v. *State*, 196 *Ga.* 671 (27 S. E. 2d, 307) ; *Ward* v. *State*, 199 *Ga.* 203 (33 S. E. 2d, 689). This ground of the motion is therefore without merit.

■ The defendant, in his statement to the jury, admitted that he actually drove the automobile which collided with that in which the decedent was riding, but claimed that the collision was the result of an accident. In view of this statement to the jury, and the direct proof of the illegal operation of the automobile by the defendant, it can not be said that the conviction was dependent solely upon circumstantial evidence, and that the court's failure to charge on the law of circumstantial evidence, without request, was error. *Strickland* v. *State*, 167 *Ga.* 452 (1) (145 S. E. 879) ; *Bowen* v. *State*, 181 *Ga.* 427 (4) (182 S. E. 510) ; *Blocker* v. *State*, 185 *Ga.* 322 (2) (195 S. E. 207) ; *Powell* v. *State*, 193 *Ga.* 398 (3) (18 S. E. 2d, 678) ; *Booth* v. *State*, 198 *Ga.* 648 (1) (32 S. E. 2d, 303). Accordingly, special ground 2 of the amended motion for new trial is without merit.

*Judgment affirmed. Jenkins, Chief Justice, Duckworth, Presiding Justice, and Judge Lilly concur. Atkinson, Wyatt, and Head, Justices, dissent.*