PIERCE *v.* THE STATE.

No. 16936.   FEBRUARY 14, 1950.

*Howard, Tiller & Howard,* for plaintiff in error.

*Eugene Cook, Attorney-General, D. M. Pollock, Solicitor-General,* and *Robert E. Andrews,* contra.

ALMAND, Justice. Lee O. Pierce was convicted of murder, the indictment charging him with that offense while driving an automobile on a named highway when under the influence of intoxicating liquors and beverages, at a rate of speed greater than allowed by law, and failing to turn to the right of the center of the road, "which in its consequences naturally tended to destroy human life." The verdict contained a recommendation of mercy, and he was sentenced to life imprisonment. His motion for a new trial, based on the general grounds only, was overruled, and he excepted.

It is insisted that a new trial should have been granted in this case because, first, the evidence was totally insufficient to show a malicious intent on the part of the defendant at the time of the killing; and second, the evidence was insufficient to authorize the jury to find that the killing happened while the defendant was in the commission of an unlawful act "which in its consequences naturally tended to destroy human life," and therefore the verdict had no legal or evidentiary basis.

Since the advent of the automobile as a means of transportation upon the highways of this State, this court has been called upon in many cases to review convictions of murder where the killing resulted from the operation of a motor vehicle, and which convictions were naturally dependent upon the question whether the evidence was sufficient to show that the involuntary killing constituted murder, either because (a) the killing happened in the commission of an unlawful act which in its consequences naturally tended to destroy a human life, as provided in Code § 26-1009, or (b) whether the conduct of the accused was such as to show a wanton and reckless state of mind which would be the equivalent of a specific intent to kill. *Vaughn v. State,* 193 *Ga.* 282 (18 S. E. 2d, 469); *Myrick v. State,* 199 *Ga.* 244 (1) (34 S. E. 2d, 36). In those cases, this court has seldom been unanimous in either affirming or reversing such convictions. By a divided court, convictions were affirmed in *Butler v. State,* 178 *Ga.* 700 (173 S. E. 856), *Jones v. State,* 185 *Ga.* 68 (194 S. E.

216), *Meadows v. State*, 186 *Ga.* 592 (199 S. E. 133), *Powell v. State*, 193 *Ga.* 398 (18 S. E. 2d, 678), *Josey v. State*, 197 *Ga.* 82 (28 S. E. 2d, 290), *Jackson v. State*, 204 *Ga.* 47 (48 S. E. 2d, 864), *Smith v. State*, 204 *Ga.* 184 (48 S. E. 2d, 860), and reversed in *Huntsinger v. State*, 200 *Ga.* 127 (36 S. E. 2d, 92), *Smith v. State*, 200 *Ga.* 188 (36 S. E. 2d, 350), *Park v. State*, 204 *Ga.* 766 (51 S. E. 2d, 832). In *Vaughn v. State*, 193 *Ga.* 282 (supra), all the Justices concurred in affirming, and in *Ivey v. State*, 191 *Ga.* 461 (12 S. E. 2d, 879), all concurred in reversing, convictions for murder. It would serve no useful purpose to review or analyze these cases, for the reason that the division of opinion among the Justices participating in the decision of these cases ·arises, not from a different construction or interpretation of the law, but from a difference of opinion as to the sufficiency· or insufficiency of the evidence in each case to sustain a conviction for murder, where the killing was involuntary and no presump-tion of malice arose from the act of killing. The only real assistance these prior decisions can give us is to ascertain under what factual situations will a conviction for murder by reason of an involuntary killing resulting from the operation of a motor vehicle be affirmed. We, therefore, turn to the facts in this case to ascertain whether the direct and proximate cause of the death of Leonard Patrick Jr. was an act of the defendant committed while he was in the commission of an unlawful act which in its consequences naturally tended to destroy human life. *Wilson v. State*, 190 *Ga.* 824, 829 (10 S. E. 2d, 861).

From the evidence, the jury were warranted in drawing the following conclusions: On the night of July 28, 1948, Geneva Patrick was driving an automobile on a public highway between Monroe and Athens, in the direction of Athens. In the car with her was her stepson, Leonard Patrick Jr., a small boy. It had been raining, and the highway was wet. The front lights of her car were on. At a point near Ethenberry Church, and where the road was straight, she met an automobile going in the opposite direction. When the defendant was about 25 feet behind the car she was meeting, he turned his car onto the left side of the highway, or on the side upon which Geneva Patrick was driving, and struck the left-hand side of her car and knocked it sideways to the edge of the pavement. From the injuries

sustained in the collision Leonard Patrick died. At the time of the collision Geneva Patrick was driving at a speed of between 35 and 45 miles per hour, and the defendant was driving in excess of 55 miles an hour. The Patrick car was knocked to the edge of the pavement, and the defendant's car ran 25 feet after the impact, stopping on the opposite side of the Patrick car. From the physical condition of the highway and of the two cars after the collision, it appeared that, at the time the defendant's car struck the Patrick car, the right-hand wheels of his car were on the center line of the highway. Just before the collision the defendant had drunk several cans of beer, and at the time of the collision was under the influence of intoxicating liquor. One of the women riding with the defendant at the time testified that, shortly before the collision, the speedometer showed that the car was being driven at the rate of 70 miles per hour, and she complained about the speed, and just before the collision the defendant did slow down, and tapped the windshield wiper. Another occupant of the defendant's car asked him three times to slow his speed, but he did not do so. The State introduced in evidence a statement signed by the defendant on August 5, 1948, in which he stated that "about dusk dark" on July 28, 1948, he drank "about two bottles of beer." In his statement to the jury he stated that he had "drank one can of beer," and that "I was driving at thirty miles an hour on the way back to Monroe, and there was a car in front of me before the accident happened." No evidence was introduced on behalf of the defendant.

Under these facts, the jury were authorized to find that the direct and proximate cause of the death of Leonard Patrick Jr. was three unlawful acts of the defendant, to wit: (1) driving an automobile in excess of 55 miles an hour (Code, § 68-301); (2) driving an automobile on the wrong side of the road (§ 68-303 (c)); and (3) driving an automobile while under the influence of intoxicating liquor (§ 68-307). The finding of the jury that the deceased was guilty of murder meant that, under the facts of the case, the defendant was driving an automobile on a rainy day on a public highway, at an excessive and illegal rate of speed, and while under the influence of intoxicating liquors, and was engaged in an act "which in its consequences naturally

504

tended to destroy human life." The verdict was supported by the evidence, and there was no error in overruling the defendant's motion for a new trial. Compare *Jones* v. *State*, 185 *Ga.* 68 (194 S. E. 216), and *Jackson* v. *State*, 204 *Ga.* 47 (supra).

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., Wyatt, and Head, JJ., who dissent.*