Grice, Justice.
The sole question here is whether there was evidence to authorize the verdict finding the appellant guilty of murder. Robert Washington was indicted for the homicide of an occupant of an automobile with which the truck he was driving collided. Upon his trial in the Superior Court of Washington County he was found guilty and sentenced to life imprisonment. This appeal is from the judgment of conviction and sentence.
From our study of the record, we conclude that the evidence was sufficient to warrant the verdict. It amply authorized the jury to find the facts which follow.
The appellant was driving in a northeasterly direction along a dirt road which intersects paved State Highway Number 24 about a half mile from the city limits of Davisboro. The deceased, a five year old child, was on the back seat of a Ford automobile which was proceeding in a westerly direction along such state highway.
Approaching the intersection the appellant was driving at a speed estimated to be 80 miles per hour. He apparently lost control, driving on the left side of the road and almost striking two pine trees, then pulling to the right side and hitting a small embankment, and then again going across the road to the left side and over an embankment onto the intersecting highway. The other vehicle was traveling about 55 miles per hour. Its driver, upon observing the approach of the appellant’s truck, *549 tried to avoid the collision by turning to the right and speeding up in an effort to get out of the path of the truck. However, the left front portion of the appellant’s truck struck the left rear of the car, causing it to turn over twice and come to rest on its top, killing the child. Physical evidence indicated that the distance from the point of appellant’s loss of control to the point of impact was 465 feet. Immediately after the collision several persons observed the appellant and testified unequivocally that he was under the influence of intoxicating liquor.
The foregoing facts were provided by witnesses for the State. The appellant offered no evidence, and made an unsworn statement in which he said that he stopped at the intersection.
These facts bring the instant case within the orbit of Code § 26-1009, upon which the indictment was predicated. That section, after defining involuntary manslaughter, declares: “Provided, that where such involuntary killing shall happen in the commisson of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being . . . the offense shall be deemed and adjudged to be murder.” The facts here accord with previous decisions upholding murder convictions resulting from aggravated operation of motor vehicles upon the highways of this state. See the cases cited in Pierce v. State, 206 Ga. 500 (57 SE2d 607).

Judgment affirmed.

All the Justices concur.