Lewis Houser, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. A bill of indictment for burglary in the night-time, which charges to the effect that the defendant broke and entered, in the night-time, a store-house, where valuable goods were stored, with intent to steal, and took and carried away therefrom certain brandy-peaches and sixty dollars in money, of the personal goods of one Peter Lewis, is sufficient in law to support a conviction for such offense.

2. The court need not read to the jury, at request of the defendant's counsel, any portion of any law book handed to the judge for that purpose.

3. It is not error to charge the jury, that the state must make out the case beyond a reasonable doubt, but it is not necessary for the state to show that it is impossible for the offense to have been committed by anybody else, or that it might, by bare possibility, have been done by some one else; but the state should show that it was the prisoner to a moral certainty.

4. The testimony being that it was the habit of the witness to leave his store after dark and to return to it sometimes at daylight, and always between daylight and sunrise, and that on this occasion he returned between daylight and sunrise, it was not error to charge: "Gentlemen, look to the proof; you have heard what it was, and if the proof satisfies you it was done in the night, and if you find from the testimony that the witness left at night and came there again at daylight, and found the store was broken open, why then you have a right to say it was in the night," particularly if the judge also charged, by request of defendant's counsel, "If the jury believe that the crime could have been committed, under the evidence, between daylight and sunrise, then they must acquit."

5. The facts that the burglary was committed, and that the money was found the next day in the possession of the defendant, described by the owner before he saw it and recognized by him, together with the admission of defendant, without explanation, that the money belonged to the owner so recognizing it, are sufficient to convict the defendant of burglary, and the evidence that the owner of the store left it at night about eleven o'clock, and returned the next morning between daylight and sunrise, is enough to show that the crime was committed in the night-time; and no error of law of any consequence or materiality having been committed by the court in the conduct of the case, or in the charge to the jury, this court will not control the discretion of the presiding judge in overruling the motion for a new trial.

Criminal law. Indictment. Burglary. Practice in the Superior Court. Before Judge HILL. Houston Superior Court. November Term, 1876.

Reported in the opinion.

J. F. RILEY ; DAVIS & NOTTINGHAM, by brief, for plaintiff in error.

C. J. HARRIS, solicitor general, by G. W. GUSTIN, for the state.

JACKSON, Judge.

The defendant was indicted for the offence of burglary at night; he was found guilty and sentenced to the penitentiary for five years; he made a motion for a new trial on various grounds therein contained; the motion was overruled on all the grounds, and the judgment of the court in thus overruling the motion, is the error complained of.

1. The defendant demurred, on the trial, to the sufficiency of the indictment in this, that it alleged that he did break and enter in the night-time, a certain store-house where valuable goods were stored *with intent to steal,* and did take and carry away therefrom, sixty dollars in money and one can of brandy-peaches, of the personal goods of one Peter Lewis; the defendant insisting that the indictment did not allege any intent to commit a larceny or felony. We think that the allegation that he broke and entered "with intent to steal," and that he took and carried away the money and brandy-peaches, sufficiently technical under our Code. Code, §4628.

We think also that the allegation of the "personal goods of one Peter Lewis," is sufficient to charge the property of the goods to have been in him as the owner thereof. If there had been any merit in the objection to the indictment, it was cured by verdict.

2. During the course of the trial, defendant's counsel requested the court to read, from Wills on Circumstantial Evidence, certain passages printed in that book, embracing, perhaps a page or two, and to charge the same as law applicable to this case; the court refused to do so, and this is alleged also as error. We think that the court was right. The court need not read to the jury from any book whatever. It is the duty of the judge to give the law applicable to the case in charge to the jury, but not to read it out of any text-book, unless he wishes to do so.

3. The court charged the jury "that the state must make out the case beyond a reasonable doubt, but that it is

not necessary for the state to show that it is impossible for the crime to have been committed by anybody else, or that it might not, by bare possibility, have been done by some one else; but the state must show that it was the prisoner to a moral certainty."

This charge is also excepted to, but we think that it gave the law of the case correctly to the jury.

4. The defendant also excepted to the following charge:

"Gentlemen, look to the proof; you have heard what it was, and if the proof satisfies you it was done in the night; that the witness left at night, and came there again at daylight and found the store broken open, why, then, you have a right to say it was in the night." The evidence was to the effect that the witness usually left his store after dark and returned to it sometimes at daylight, and always between daylight and sunrise, and that on this occasion, he left about eleven o'clock at night and returned between daylight and sunrise. Under this proof, we do not think the charge was erroneous or hurt the defendant; especially as, by request of defendant's counsel, the court charged, "If the jury believe that the crime could have been committed, under the evidence, between daylight and sunrise, then they must acquit." The facts here are distinguishable from the case in 53*rd Ga.* 567. In that case the crime must have been committed within forty minutes; half of this time was before daylight and half after day; the court held there that the probability that it was done in the day-time, was equal to the probability that it was done at night, making the case doubtful, and the benefit of the doubt being given to the defendant, he was acquitted. But in this case he had the entire night within which to commit the burglary, and comparatively little or no daylight, leaving no reasonable doubt that the deed was done in the darkness of the night. Taking the whole charge together, there can be no doubt that this point was fairly presented and left exclusively for the decision of the jury.

5. Exception is also taken to the charge of the court as a

whole, and to the verdict of the jury as being against the law and without evidence to support it.

We think that the charge is substantially correct, and that the case was fairly tried.

The evidence makes the following case:

The burglary was committed; the store-house was broken open; the money, described by the owner before he saw it, and recognized by him when he saw it, was found the next day in the possession of the defendant; the defendant confessed that it belonged to the owner, and tried to get a part of it back from a person to whom he had passed it for clothing, in order to restore it to the owner and settle the trouble; the owner of the store left it at eleven o'clock at night, and returned between daylight and sunrise the next morning, and found the store broken into and his money gone: thus showing, to a moral certainty, that the deed was done at night; the defendant gave no sensible explanation of his possession of the money found on his person so soon after the crime was committed; he fled from justice, and was absent from the county for two or three years.

This being the case made by the facts, we think the law makes it a case of burglary at night, and the defendant was properly convicted.

In 55th *Ga.*, 324, some authorities are cited to show that the mere possession of the stolen goods, after the burglary was committed, is hardly sufficient to convict the party caught in possession of the stolen property of the offense of *burglary*, and in 56th *Ga.*, 28, the subject is further considered. In 56th *Ga.*, 686, it is perhaps too loosely said that this court has held that possession alone of stolen goods is not sufficient to convict of burglary. In that *dictum*, the case in 55th *Ga.*, 324, was in my mind when I made it; and I am not now aware of any other case that rules the point positively. Certainly that case does not.

This case does not turn exclusively on that point; but the admission of the defendant in respect to the money, his anxiety to get back the part which he had spent; his

evident wish to cover up the offense, and his flight from justice—are all circumstances which strengthen the strong presumption of his guilt, which arises from possession of the goods stolen, without any satisfactory explanation of that possession.

There are two lines of authority in the books upon this subject. We incline to think that where the stolen goods are found in possession of defendant within a short time after the offense, and no explanation is given of that possession, that it will be for the jury, under all the facts and circumstances, to determine whether the evidence satisfies their minds, beyond a reasonable doubt, of the guilt of the accused. In this case they were so satisfied, and we think the facts here sufficient to sustain their verdict.

Judgment affirmed.