BROWN *vs.* THE STATE OF GEORGIA.

1. The fact that the witness left the house at nine o'clock at night and returned at six o'clock next morning, on the 3rd of January, 1878, leaving the doors locked and everything safe, and found the doors broken open and the effects left at night gone on his return, are sufficient to show that the burglary was done at night.

2. The fact that on the very next night the defendant, in company with another, offered for sale the identical effects stolen from the dwelling so broken and entered, and when a policeman, sent for without his knowledge, made his appearance, defendant ran, was shot at and fired in return, are enough to sustain a conviction that defendant was the burglar.

3. A charge to the effect that while a mere naked possession of stolen property missed from a house burglariously entered would not be sufficient to convict, yet, the fact of the burglary being proven, if the possession be very recent and unexplained satisfactorily, such possession would authorize a conviction, is not objectionable—the entire charge not having been sent up in the record, and the presumption being that all the law of the case, not inconsistent with said extract, was correctly given.

Criminal law. Charge of court. Before Judge TOMPKINS. Chatham Superior Court. October Term, 1877.

Reported in the opinion.

E. C. HOLLIS; A. C. KING, for plaintiff in error, cited as follows: Evidence insufficient, 3 Gr. on Ev., §30; 46 *Ga.*, 637; 37 *Ib.*, 191; 34 *Ib.*, 342; 4 Bl. Com., 224; Code,

§4386; 53 *Ga.*, 567; 46 Ind., 453·; 3 Gr. on Ev., §§161, 17; 48 *Ga.*, 326; Code, §4411; 4 Bl. Com., 230; 50 *Ga.*, 103; 2 Parker's Crim. R., (N. Y.) 586; 3 Gr. on Ev., §33; 1 Best on Ev., §212; Burr. on Cir. Ev., 49, 50; Charge error, 53, *Ga.*, 567; 51 *Ib.*, 402; 21 *Ib*, 310; 19 *Ib.*, 285; 17 *Ib.*, 497; 46 *Ib.*, 212; 50 N. H., 510·; 19. Ohio St., 363; 37 Tex., 202; 1 Parker's Crim. R., (N. Y.) 447; 18 Cal., 382; 20 *Ib.*, 177; 23 *Ib.*, 51; 35 Ill., 204; 46 *Ga.*, 686; Wills on Cir. Ev., 54, 55; 59 *Ga.*, 456; 58 *Ib.*, 78; 56 *Ib.*, 686; 55 *Ib.*, 324; 53 *Ib.*, 567; 46 *Ib.*, 637; The Reporter, Vol., 6, p. 504; *Ib.*, 338; 5 Iowa, 433; 26 Me., 212; 18 Wall., 517, 544, 545; 24 Pick., 366, 373, 374; 3 Iowa, 131, 140; Wharton's Am. Cr. L., §707; 45 Vt., 308; 19 Me., 400; 28 Ala., 702; 58 *Ga.*, 78; 6 Caldw., 9; 57 *Ga.*, 503; 34 *Ga.*, 262. No presumption that court corrected error in balance of charge, 56 *Ga.*, 596.

A. B. SMITH, solicitor general, for the state.

JACKSON, Justice.

The defendant was convicted of burglary at night, in breaking and entering the residence of Mr. Screven, in Savannah, with intent to commit larceny therefrom. The evidence was that the house was broken into between 9 o'clock at night and 6 o'clock next morning, on the 3rd of January, 1878; and that on the next night, between 8 and 9 o'clock, the prisoner tried to sell the silver plate which was missing from the house; he was accompanied by another, but he did the talking and trading; a policeman was sent for, defendant ran, was shot at, shot back, and was finally arrested.

His motion for a new trial is based upon the ground that the verdict was against law and evidence, and that the court committed error in the charge to the jury.

1. There is abundant evidence to convict the defendant of burglary *at night*, which seems to be the main ground of deficiency in the evidence relied upon. The burglary must have been committed at night. The door was broken open,

Brown *vs*. The State.

things were scattered about generally, and a silver waiter, pitcher and goblets, and perhaps other similar articles, taken away. Six o'clock in the morning the servant said he returned, after leaving at nine at night; and six o'clock is dark. Even if he could see a little, or if it had been seven o'clock, such a burglary in the city could hardly have been perpetrated after day-break. This point is fully covered by the case of *Houser vs. The State*, 58 *Ga.*, 78.

2. Another point made is in regard to the sufficiency of the possession of stolen goods unaccounted for, to convict of burglary. This case, in respect to this point too, is very much like the case just cited from the 58th, and is covered by the principle announced there. The very next night after the burglary, the prisoner offered to sell the stolen effects, when the police, who were privately sent for, came to the store where he was offering to trade, he ran, was shot at, shot back, and was evidently guilty.

It makes no difference that another accompanied him, he was the spokesman, did the talking, running and shooting, and we think with the court and jury who tried him, that he did the breaking, entering and stealing, and is guilty. If his companion helped him, it does not lessen his guilt.

3. The charge complained of is in these words: " The mere naked possession of stolen goods is insufficient to convict of burglary at night; but if the jury find from the evidence that a burglary had been committed, and that certain goods had then and there been stolen as alleged in the indictment, and that those identical goods had been found in the possession of the defendant very soon after the burglary, and he did not satisfactorily explain how he got them, then (if you find all this from the evidence) it will be sufficient to authorize you to find a verdict of guilty. "

The entire charge of the court is not given. The presumption is that everything consistent with this extract, and giving fully the law on other points, was embraced in the other parts of the general charge. So presuming, we see no error in this extract.

For the judge charged, the presumption is, the doctrine of reasonable doubts and the duty of the jury to look to the entire evidence, and satisfy themselves beyond such doubts that this defendant committed this burglary. The meaning of the charge complained of, is simply this: naked possession of goods taken from the house broken open at night will not suffice to convict of burglary at night; but possession soon after the burglary, not satisfactorily explained, may authorize a conviction. We see no objection to the charge so construed, presuming that the pressure of the case was upon this point before the jury, and that the rest of the charge was legal.

Judgment affirmed.