### 1658. WILSON v. THE STATE.

RUSSELL, J. 1. It is not error to overrule a motion for continuance based upon the absence of leading counsel, where no good and sufficient reason is shown why he is absent. Where there is no attempt to explain the cause of his absence, the motion should be overruled.

2. Venue may be proved by circumstantial evidence; but circumstances which show that it is possible that an alleged crime was committed within the jurisdiction of the court are insufficient to establish the jurisdictional element of venue, where, from the circumstances adduced, it is as possible and reasonable that the crime was committed beyond the jurisdiction of the court. In the absence of any direct evidence as to where an alleged offense was committed, the mere circumstance that the defendant resides in the county in which the crime is alleged to have been committed, or the statement that he was at his home in the county a portion of the day on which the offense was alleged to have been committed, is not sufficient, without more, to establish the juris-diction of the court; and both circumstances combined are insufficient to prove venue, unless the evidence shows that the crime under investi-gation was committed at his home. Especially is this true where there is no testimony identifying the particular point, or house, or locality at which the alleged criminal act was committed.

3. Though a confession may be corroborated by proof of the corpus delicti,.

a conviction based upon an uncorroborated confession can not be sustained.                                                        *Judgment reversed.*

Indictment for unlawful sale of liquor, from Monroe superior court—Judge Reagan.   December 16, 1908.

Submitted February 10,—Decided March 23, 1909.

*J. M. Fletcher, R. L. Berner,* for plaintiff in error.

*J. W. Wise, solicitor-general, Bloodworth & Bloodworth,* contra.