## 19103.   PATTERSON *v.* BURTZ, for use, etc.

DECIDED JANUARY 16, 1929.

*John T. Dorsey, A. N. Edwards,* for plaintiff in error.
*A. H. Burtz,* contra.

LUKE, J.   A. H. Burtz, for the use of Ellijay Mercantile Company, brought an action on an account against Morgan Patterson. The case was referred to an auditor.   The auditor found for the

plaintiff, and Patterson excepted to the auditor's report. Upon motion of counsel, the judge of the superior court passed an order "dismissing said exceptions." A judgment was then rendered against Patterson for $472.59, principal, $65.23 interest to judgment, and future interest on the principal at the rate of seven per cent. per annum. Patterson excepted to the order dismissing his exceptions and to the final judgment.

The auditor's findings were as follows: "1. Defendant demurred to plaintiff's petition upon the ground that plaintiff, A. H. Burtz, had no interest in said suit for the reason that he had transferred same to Ellijay Mercantile Company. Said demurrer was overruled. 2. After hearing the evidence and argument of counsel, I find that the main questions involved are questions of fact. I further find that the plaintiff has proved his claim to the satisfaction of the auditor, with the exception of some credits to which defendant is entitled. 3. I therefore find in favor of the plaintiff on the issues of fact in the case, and against the defendant, the sum of $472.59, principal, and the sum of $96.46 interest, with cost of suit. 4. I classify my findings 1 and 2 as above set forth as findings of law, and those set forth in paragraph 3 as my findings upon questions of fact."

The plaintiff in error incorporates a "motion for rehearing" and his exceptions to the auditor's report in one writing, which is as follows: "And now comes the defendant and as matter of law moves a rehearing of above-stated case, because said report fails to show that defendant, by his attorney, made a motion to continue the hearing immediately after the call of said case, on the grounds: (a) That the leading counsel, John T. Dorsey, was not present at the hearing, and without fault of defendant; and to sustain said motion defendant Morgan Patterson was introduced, sworn, and testified as follows: 'I am not ready in this case, because I have employed John T. Dorsey to do the main work at the trial. I employed A. N. Edwards to file my answer, and other counsel was to be employed to handle the case, except the filing of the answer.' (c) A. N. Edwards stated in his place . . that he was only employed by defendant to file his answer, and that other counsel was to do the main part of the work at the trial; that he had not made sufficient preparation to go on with the hearing of the case, for reasons above stated. Said motion was overruled and defendant

forced to go to trial. (*d*) Because A. H. Burtz was allowed to testify, over objections of defendant's counsel, as follows: 'The defendant owes me $25 for an iron safe; $15 rent for a house, and attorney's fees for representing him in two cases $200.' This testimony being objected to by defendant's counsel on the ground that the items were not included in the account sued on, and were clearly outside of said case, and therefore incompetent and immaterial. Said objection was overruled by the court and said testimony allowed to go in. (*e*) Because, over objections of defendant's counsel at above hearing, A. H. Burtz, attorney for plaintiff, was allowed to exhibit his books of account to the said auditor without laying the foundation therefor, and without tendering the said books to opposing counsel or introducing the same in evidence in the regular way as allowed by law."

Defendant further excepts as a matter of law to the rulings and judgment of the auditor as follows: 1. The overruling of said demurrer as set out in the auditor's report, paragraph 1. 2. Because, after the hearing of all the testimony, and A. H. Burtz having testified that he had no interest in the claim sued on, other than that the legal title was in him and was transferred in writing with a lot of other things to the company, and that he got value received for the same, defendant's counsel made a motion to dismiss the said suit, which motion was, overruled by the court. Defendant insists that also this motion should have been included in the auditor's report, but was not. 3. Defendant further excepts and insists that the testimony of said A. H. Burtz, with reference to the price of the safe above mentioned, and attorney's fees above mentioned, amount being left out of said report, together with the house rent, should have been excluded on said motion because the same was not included in the account sued on or any part thereof. 4. Defendant further excepts to said answer as matter of evidence because it fails to state that the following checks were to be introduced at the hearing of said case, the same being for the amounts, viz: 21st, 22, $7.50, 3-6-22; $7.50, 6-1-22, $15.00, 8-1-22, $18.00, in full Sept. 5, 22, $6.50 in full, "all hereto attached," which said checks went to show payment of said house rent in full. 5. Because at said hearing defendant's counsel sought to identify certain items of set-off by Kenneth Patterson, among which items were the following: Labor by overhauling motor, $15.00; con-

necting-rods $2.40; and lots of other items too numerous to mention, by stating some of said items to refresh the memory of the witness; the said work having been done quite a while before that time. The court refused to allow defendant's counsel to refresh the memory of the witness by naming some of the most important items as labor done by the defendant. The court ruled out said testimony unless witness could state it from memory off-hand; and the auditor failed to state said rulings in his report. 6. The defendant further excepts as a matter of fact to the finding of the auditor as set forth in paragraph 3 of his report, and particularly to that portion of the auditor's report in which he finds generally in favor of the plaintiff a specified sum, to wit, $472.59 principal and $96.46 interest, without specifying therein the portion of the evidence, or otherwise identifying the items allowed and disallowed by him in the calculation resulting in the finding of such balance, and especially such amount of interest. Wherefore petitioner prays the court that his motion for rehearing be sustained and that the report of the auditor be disallowed."

Morgan Patterson swore that "the statements contained in the above and foregoing motion and exception to the auditor's report as set out are true."

■ Even if it be granted that in a case like this, where the ground upon which the motion for a rehearing is based is not verified by the auditor's report or certified by the auditor, or verified by the record, it be proper for this court to pass upon the question raised, still, if the case were recommitted and the showing for a continuance were precisely as set out by counsel, and the court overruled it as stated, the motion for a continuance would not be good. "The unexplained absence of the counsel, on whom the defendant 'mostly relies,' is not a good ground for continuance." *Long* v. *State,* 38 *Ga.* 491 (4). "The mere absence of an attorney without the consent of the client is not a sufficient ground for the continuance of a cause." *Allen* v. *State,* 10 *Ga.* 85 (1). "It is not error to overrule a motion for continuance based upon the absence of leading counsel, where no good and sufficient reason is shown why he is absent. Where there is no attempt to explain the cause of his absence, the motion should be overruled." *Wilson* v. *State,* 6 *Ga. App.* 16 (1) (64 S. E. 112). It would therefore be useless and vain to

recommit the case in order that the auditor might pass on a ground of continuance so palpably without merit.

■ Subdivision (*d*) of the exceptions complaining of the admission of certain testimony of A. H. Burtz is controlled adversely to the plaintiff in error by the following ruling in the case of *Waycross R. Co.* v. *Offerman,* 119 *Ga.* 983 (1) (47 S. E. 582). "In passing upon exceptions of law to rulings alleged to have been made by an auditor, the court can not look to the exceptions alone to ascertain what these rulings were. The grounds upon which these exceptions are based must be verified by reference to the auditor's report; and if the report affords no means of verification, the exceptions can not be considered, unless otherwise certified by the auditor." See Civil Code (1910), § 5136.

■ Subdivision (*e*) is subject to the same infirmity indicated in the previous division of this opinion, and is controlled by the *Waycross R. Co.* case there cited. Furthermore, this exception is obviously incomplete. See *Mason* v. *Commissioners,* 104 *Ga.* 35 (30 S. E. 513); *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874).

■ Exception number 1 is to "the overruling of said demurrer as set out in the auditor's report." The report merely states that there was a demurrer to the plaintiff's petition upon the ground that the plaintiff had no interest in said suit, etc. How can this court determine the question raised when neither the petition nor the demurrer appears in the record? This exception was properly dismissed.

■ Exception number 2, that the court refused to dismiss the action on motion, etc., is clearly without merit. The ground insists that the motion should have been included in the auditor's report. This was not the proper way to perfect the report, and no method prescribed by law was followed to have the motion incorporated in the report. Furthermore, the fact that the said motion was ever made is not certified, nor verified by the record. See *Waycross R. Co.* v. *Offerman,* supra.

■ Exception 3 is obviously too incomplete for consideration. See also, in this connection, the case of *Waycross R. Co.* v. *Offerman,* supra.

■ The checks referred to in exception numbered 4 are very meagerly described, and are not attached to the exceptions as stated therein. "Exceptions should go to what the auditor reported, not

to what he did not report." *Collinsville Granite Co.* v. *Phillips*, 123 *Ga.* 830 (3) 835 (51 S. E. 666).

■ Exception 5, complaining that the court refused to allow defendant's counsel to refresh the memory of a witness by naming certain items of set-off, is controlled by the case of *Waycross R. Co.* v. *Offerman*, supra. Furthermore, the exception is too incomplete for consideration.

■ Exception 6 to paragraph 3 of the auditor's report does not complain that the finding of the auditor was not authorized by the evidence, but is in effect a criticism that the manner in which the finding was arrived at is not set out in the report. If the report was incomplete in the regard specified, a motion to recommit was the proper remedy. See Civil Code (1910), § 5139, which reads in part as follows: "For indefiniteness, omissions, errors of calculation, failure to report evidence, errors of law, or other proper cause, the judge may recommit the report for such further action as may be proper . . ."

For no reason assigned is there error in this case and the court did not err in dismissing the exceptions and rendering a judgment for the defendant in error.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*