### 25995.   CLARK *v.* THE STATE.

BROYLES, C. J.   1. " 'Venue may be proved by circumstantial evidence; but circumstances which show that it is possible that an alleged crime was committed within the jurisdiction of the court are insufficient to establish the jurisdictional element of venue, where from the circumstances adduced it is as possible and reasonable that the crime was committed beyond the jurisdiction of the court.' *Wilson* v. *State,* 6 *Ga. App.* 16 (2) (64 S. E. 112). See also *Chambers* v. *State,* 85 *Ga.* 220 (2) (11 S. E. 653) ; *Jones* v. *State,* 113 *Ga.* 271 (38 S. E. 851) ; *Wade* v. *State,* 11 *Ga. App.* 411, 414 (75 S. E. 494). Under the authorities cited and the facts of the instant case, the venue, proof of which is necessary to a legal conviction, was not sufficiently proved." *Brown* v. *State,* 52 *Ga. App.* 536 (183 S. E. 848).

2. Floyd Clark, the defendant in this case, and Brown, the defendant in *Brown* v. *State,* supra, were jointly indicted for cattle stealing. Brown was tried first and convicted; and this court held, as stated in the preceding headnote, that the evidence was insufficient to establish the venue.   On the trial of the instant case the evidence as to the venue was substantially identical with that adduced on the trial of Brown; and the ruling of this court in the *Brown* case that the evidence was insufficient to prove the venue is controlling in the case at bar, and another trial is necessary.

3. The other alleged errors are not likely to recur on another hearing of the case, and therefore are not passed upon.

    *Judgment reversed. MacIntyre and Guerry, JJ., concur.*

    DECIDED JANUARY 12, 1937.

    *J. P. Raulston, S. P. Raulston, J. M. C. Towsend,* for plaintiff in error.

    *John C. Mitchell,* solicitor-general, contra.