## 34739. Ammons *v.* The State.

Gardner, P. J. The plaintiff in error, A. F. Ammons (whom we shall call the defendant), was convicted in the Chattooga City Court of selling whisky on March 13, 1951. He filed a motion for new trial on the gen-

eral grounds and thereafter added four special grounds. Counsel for the defendant specifically abandons the general grounds and relies on a reversal as contended in the special grounds. The special grounds are argued together in view of their decided similarity. They are based upon the refusal of the court to require the witness for the State, H. P. Gaines, while under cross-examination by counsel for the defendant, to answer the following questions: "Question No. 1: 'When you got over here, what was the first thing you did?' Question No. 2: 'Where have you been for the last three or four days?' Question No. 3: 'Did you buy any liquor from Russell Barnes?' Question No. 4: 'You know gaming is against the law?'" Counsel for the defendant contends that the provisions of Code § 38-1705 entitled him to ask the questions as set out in the special grounds, and that the court's refusal to allow the State's witness to answer these questions prevented the defendant from attacking and showing the weakness of memory, credibility, and veracity of the State's witness. Counsel have called our attention to this Code section, which reads: "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him"; and also called our attention to *Harris* v. *Central Railroad,* 78 *Ga.* 525 (3) (3 S. E. 355), in which the Supreme Court stated: "It is the duty of the Court both to protect a witness under cross-examination from being unfairly dealt with, and to allow a searching and skillful test of his intelligence, memory, accuracy and veracity. As a general rule, it is better that cross-examination should be too free than too much restricted." Our attention is also called to an excerpt from the case of *McGinty* v. *State,* 59 *Ga. App.* 675 (2 S. E. 2d 134), as follows: "'The trial judge has a discretion to control the right of cross-examination within reasonable bounds,' (*Rogers* v. *State,* 18 *Ga. App.* 332 (2) (89 S. E. 460), yet, it is likewise true that 'the right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him.' Code § 38-1705. The denial or abridgement of this substantial right of a party to thorough cross-examination of a witness of his adversary is a material error and requires the grant of a new trial. *McRae* v. *Boykin,* 50 *Ga. App.* 866, 875 (179 S. E. 535)."

In *Griffin* v. *State,* 18 *Ga. App.* 462 (2) (89 S. E. 537) this court said: "Each party to a cause has the right to make a thorough and sifting cross-examination of any witness called against him, . . . and great latitude should be allowed by the court where the purpose of the interrogation is to impeach or discredit the witness by showing his bias and interest in the case." See *Long* v. *State,* 205 *Ga.* 257 (53 S. E. 2d 365). There is no disagreement with counsel for the defendant as to the soundness of the law in the Code section and in the decisions cited. We differ with counsel to this extent, however, that the assignments of error in the special grounds do not set out facts to warrant the application of the principle of the Code section nor the decisions cited. Irrelevant matter should be excluded. See Code § 38-201. Code § 38-1704, cited by counsel for the State, reads: "It shall be the right of a witness to be examined only as to relevant matter; and to be protected from improper questions and from harsh or insulting demeanor." In this connection see *Cohen* v. *Saffer,* 43 *Ga. App.* 746 (160 S. E. 130) and

citations therein. We call attention also to *Pulliam* v. *State,* 196 *Ga.* 782 (2-4) (28 S. E. 2d 139), in which the Supreme Court stated: "The right to a thorough and sifting cross-examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. In the absence of an attempt to show that the facts sought to be developed are connected with the case, even remotely, an assignment of error upon their exclusion is not meritorious."

The exclusion of immaterial questions, where there is no attempt to show that the facts sought to be developed are connected with the case even remotely, is not error. *Stevens* v. *State,* 49 *Ga. App.* 248 (2) (174 S. E. 718). Let us inquire as to each specific question to which the court refused to require an answer, in order to discuss whether or not there was error in so refusing. As to question number 1 the evidence discloses that the witness H. T. Gaines had been employed to investigate certain liquor violations, and that he came from Jasper, Alabama, to Summerville, where he had stayed for some time investigating this case. As to the first question, "When you got over here, what was the first thing you did?"—it does not appear that this question was relevant at the time, nor was there any attempt to show that the facts sought to be developed were connected in any way with the issue of whether or not the defendant sold the witness any whisky.

Regarding question number 2, "Where have you been for the last three or four days?"—it appears from the evidence that the trial was held on March 13, 1951, and that the alleged selling of the whisky to the witness was on February 15, 1951. Just how could what the witness Gaines had been doing for "the last three or four days" prior to the trial have had any connection with whether the witness had bought whisky from the defendant in February?

As to question 3, "Did you buy any liquor from Russell Barnes?"—we do not see how this question could have any bearing on whether or not witness bought whisky from the defendant.

As to question 4, "You know gaming is against the law?"—it is manifest by a casual reference to this question that under no circumstances could the offense of gaming have had any connection whatsoever with the offense with which this defendant was charged, i. e., the selling of whisky.

It does not appear that any of these questions was asked for the purpose of impeachment. If so, there was no proper foundation made. In our opinion the court was correct in ruling that they were immaterial and not related in any way to the issue being tried, to wit, whether the defendant was guilty of selling whisky.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

Decided September 23, 1953.

*Bobby Lee Cook,* for plaintiff in error.
*Earl B. Self, Solicitor-General,* contra.