### 18443. WELL, *alias* WILSON, *v.* THE STATE.

DUCKWORTH, Chief Justice. Luther Wells, alias Lewis Wilson, was indicted, tried, and convicted of murder in DeKalb Superior Court, the indictment alleging that he did unlawfully kill and murder J. C. Nix, W. E. Johnson, and John Brandon feloniously and with malice aforethought, while operating and driving a certain automobile upon the public highway between Redan and Lithonia in DeKalb County while under the influence of intoxicants, the same being a weapon likely to produce death in the, manner in which it was being used and then and there operated, and did then and there run into and against the automobile in which J. C. Nix and W. E. Johnson were riding, thereby knocking, hurling, and tossing the occupants in and around and about the automobile, and in the same manner the aforesaid Brandon in the car in which the defendant was driving, and inflicting wounds and injuries which caused their deaths. The evidence in substance was as follows: The accused was seen driving one of the automobiles involved shortly before the collision as it left a filling station, and an eyewitness who saw the collision testified that the car driven by the accused was being driven in a reckless manner, at a high rate of speed, weaving to the wrong side of the road, and was on the left side of the road just prior to the impact. There was testimony that the accused was found under

the wheel after the collision, that he was under the influence of intoxicants, and that he admitted at the hospital that he was driving the car. Other witnesses testified that the skid marks left by the police car were from 90 to 128 feet long, that such marks would be made by a car traveling 55 miles per hour, and that there was approximately 1,000 feet of clear view at the point of impact. The eyewitness also testified that the police car was hit in the right side, that it was traveling on the correct side of the road, that just before the impact the officers attempted to miss the other car by moving to the left, the collision occurring in almost the center of the road, and that the accused failed to put on brakes, and there were no skid marks made by the car he was driving. A motion for new trial, as amended, was filed, heard and overruled, and the exception here is to that judgment. *Held:*

1. While the motion for continuance in the trial court was based on the mental condition of the defendant, and the testimony of a psychiatrist was that he was mentally unfit for trial, nevertheless, the discretion of the trial judge will not be controlled unless it be flagrantly abused; and since the trial judge observed the physical and mental condition of the defendant in court and had the advantage of the testimony of other competent physicians, although not psychiatrists, that in their opinion the defendant was not too ill, physically or mentally, to stand trial, this court can not hold that the trial judge abused his discretion in denying the motion for continuance. See *Roberts* v. *State,* 14 *Ga.* 6; *Long* v. *State,* 38 *Ga.* 491, 506; *Edenfield* v. *State,* 26 *Ga. App.* 206, 207 (105 S. E. 732); *Griffin* v. *State,* 208 *Ga.* 746, 749 (69 S. E. 2d 192). For the reason stated there is no merit in the first special ground of the amended motion for new trial.

2. The evidence here, considered as a whole and with the natural and reasonable inferences and deductions made therefrom, proved the venue to be in DeKalb County, particularly since this case was tried in DeKalb Superior Court and the direct testimony of Dr. D. P. Bauer, a physician of Grady Hospital who was called to the scene of the collision, disclosed that he was "called out here to Redan Road in this county" to administer to the injured. Evidence as to venue, though slight, is sufficient where there is no conflicting evidence. *Johnson* v. *State,* 62 *Ga.* 299 (1); *Porter* v. *State,* 76 *Ga.* 658 (2), 660; *Womble* v. *State,* 107 *Ga.* 666 (3) (33 S. E. 630); *Climer* v. *State,* 204 *Ga.* 776 (2) (51 S. E. 2d 802); *Hubbard* v. *State,* 208 *Ga.* 472, 474 (67 S. E. 2d 562). Accordingly, the second special ground of the motion is without merit.

3. The evidence presented proved the crime as alleged in the indictment, under the testimony of an eyewitness that the officers' car was traveling on the correct side of the road, that the witness had been, immediately prior to the accident, observing the reckless manner in which the accused was driving—speeding up the car from 30 to 70 miles per hour, weaving over on the wrong side of the road, and forcing another car off the road—that the accused was driving on the wrong side of the road at the time of the impact, and that the police car swerved to the left in an effort to avoid the collision; and this evidence, together with the total lack of evidence that the accused attempted to avoid the collision, the fact that the police car skidded 128 feet, and was hit in the right side in an apparent effort to avoid the collision, the lack of visual

obstructions to hinder one automobile from seeing the other, and the evidence that the accused was driving under the influence of intoxicants, shows the commission of unlawful acts in a manner and under circumstances which naturally tend to destroy human life, since they were done in such a manner as to show a wilful, wanton, and reckless disregard for human life, thereby constituting the legal equivalent of a specific intent to kill. See *Jones* v. *State,* 185 *Ga.* 68 (194 S. E. 216); *Myrick* v. *State,* 199 *Ga.* 244 (1) (34 S. E. 2d 36); *Jackson* v. *State,* 204 *Ga.* 47 (48 S. E. 2d 864); *Pierce* v. *State,* 206 *Ga.* 500 (57 S. E. 2d 607). While there was no evidence to show which of the many injuries sustained resulted in the death of each man, there was ample evidence to show that their deaths resulted from the collision, and there is no merit in the contentions of counsel for the plaintiff in error that the State failed to prove the second element of the corpus delicti, and the general grounds are without merit.

4. Since none of the general or special grounds is meritorious, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., and Head, J., who dissent.*

ARGUED JANUARY 13, 1954—DECIDED FEBRUARY 10, 1954—REHEARING DENIED FEBRUARY 24, 1954.

*W. Paul Carpenter, Wm. H. Whaley, Wesley R. Asinof, Young H. Fraser,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.