40209. ROYSTER v. THE STATE.

DECIDED SEPTEMBER 4, 1963.

*Robert J. Reed, Darrell W. MacIntyre,* for plaintiff in error. *Jeff C. Wayne, Solicitor General, Frank Strickland, Jr.,* contra.

JORDAN, Judge. 1. Special ground 1 assigns error on the ground that the State failed to prove the venue of the alleged crime. The evidence relating to this question shows that the 500 acre farm of the prosecutor "straddles" the boundary line between Hall County and Jackson County, the line dividing the two counties running through this farm; that the cattle allegedly stolen were loaded on a truck at a chute near the barn, the truck then proceeding from the loading chute to the town of Belmont in Hall County, thence turning back south toward Winder in Barrow County. The owner of the farm could not say whether the barn and chute were located in Hall County or Jackson County and thence could not state in which county the cattle were stolen. Other witnesses testified vaguely as to the location of the county line in this vicinity and none testified that the barn or the loading chute was located in Hall County.

The State contends that the venue was properly laid in Hall County under both *Code* § 27-1103 which reads, "When an offense shall be committed on the boundary line of two counties, it shall be considered and adjudged to have been committed in either county, and an indictment for such offense may be found and tried, and conviction thereon may be had, in either of said counties"; and *Code* § 26-2602 which reads, "Simple theft or larceny is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same. The thief may be indicted in any county in which he may carry the goods stolen."

While venue in a criminal case may be proved by circumstantial as well as direct evidence, yet like every other material allegation in the indictment it must be proved beyond a reasonable doubt. *Dickerson v. State*, 186 Ga. 557, 559 (199 SE 142). We cannot say that the evidence in this case brings it within the purview of *Code* § 27-1103 simply because the county line runs through the farm. Here the evidence is positive that the cattle were stolen and loaded at a chute adjacent to the barn, but there is no affirmative evidence whatsoever that the barn and chute were in Hall County. On a farm of the size here involved, the barn could have been a half mile or more from the county line. Under the testimony of the witnesses, the barn and chute could have been in either of two counties since they did not know in which county the same were located. Such indefinite testimony showing only that it was *possible* the crime was committed within the jurisdiction of the court is insufficient to establish venue. *Wilson v. State*, 6 Ga. App. 16 (2) (64 SE 112) ; *Clark v. State*, 55 Ga. App. 162 (1) (189 SE 379).

Other evidence, however, clearly did establish venue in Hall County. Witness Harrington testified, "I know that the truck went into Hall County because I followed the tracks. . . I followed the truck to Belmont, and I know that Belmont is in Hall County." Other witnesses testified similarly, and such evidence that the stolen cattle were carried into Hall County, though circumstantial, is sufficient to establish venue under *Code* § 26-2602. *Tippins v. State*, 14 Ga. 422, 423; *Sanders v. State*, 67 Ga. App. 706, 708 (21 SE2d 276). Special ground 1 is therefore without merit.

2. Special ground 2 assigns error upon the following excerpt from the charge of the court, "Now, gentlemen, in order for the defendant to be convicted of any offense in the Superior Court of Hall County, it is necessary to prove that the court has jurisdiction. This involves what is known as the question of venue, or the place at which the offense occurred and under which it can be tried," as tending to mislead and confuse the jury into considering "jurisdiction" to be synonymous with "venue." In examining the entire charge of the court on the question of venue, we do not find it to be subject to this criticism. Nor

did the court err, as further contended in this ground, after charging the law on this subject and after stating the contentions of the State and the defendant as to where the crime, if any, was committed, by then charging, "This creates a question which must be determined by you." Venue was one of the material issues on the trial of the case, and there being conflicting evidence bearing on this question, the issue was properly presented to the jury for determination. As stated in *Stubbs v. State*, 41 Ga. App. 836 (155 SE 100): "Whether upon conflicting evidence the venue has been proved or not is a question for the jury."

3. The defendant admitted having possession of the cattle in question on the night of the theft, stating that he bought them about 3 a.m. from a man whose truck was broken down near the American Legion Home in Winder, and that he then carried them to a farm in Barrow County where they were subsequently found. Such recent possession not explained to the satisfaction of the jury would authorize the verdict rendered. *Stewart v. State*, 17 Ga. App. 827 (88 SE 715).

The evidence being sufficient to support the verdict and the special grounds showing no reversible error, the judgment is affirmed.

*Judgment affirmed. Nichols, P.J., and Frankum, J., concur.*