## 44543. BOND v. THE STATE.

JORDAN, Presiding Judge. The defendant appeals from a judgment of conviction and sentence for the offense of burglary of a storehouse. *Held:*

1. As a matter affecting the credibility of an adverse witness, it was clearly proper for the district attorney to obtain an admission from the witness (defendant's father) on cross examination to the effect that his extrajudicial statements were inconsistent with his testimony at the trial, concerning his knowledge as to the manner in which his son came into possession of the goods shown to have been stolen. Instructions to the effect that the district attorney is under a duty to present all relevant facts which come to his attention, including such inconsistencies, followed by the statement, among others, that "You are the sole and exclusive judge of what witness, or witnesses you will believe or disbelieve and

what testimony you will credit or discredit, and whether or not any particular witness has been successfully impeached or not," in no way usurps the prerogative of the jury. Enumeration number 1 directed to this portion of the charge is without merit.

2. In the second enumeration error is assigned on instructions to the effect that if the jury found beyond a reasonable doubt, excluding every other reasonable hypothesis save the guilt of the accused, that the accused told an investigator, when he first contacted the accused, that he "was not going to take the rap by himself" or words to this effect, and that if the jury further found, beyond a reasonable doubt and excluding all other reasonable hypotheses, save the guilt of the accused, that the accused, before or at the trial, made conflicting statements, the jury would be authorized to find that the defendant's explanation of possession of stolen goods was unsatisfactory, and would be authorized to find the accused guilty as charged. It is clear from the investigator's testimony that the accused, after being advised of his constitutional rights, did make the statement, but that thereafter he denied his guilt, and his defense, through his unsworn statement and the testimony of various witnesses, is that of alibi and innocent possession of stolen property acquired by his brother by purchase, which he in turn acquired from his brother. Considered with the instructions as a whole, including the elements of the offense, and the effect of possession of stolen goods, if the jury chose to disbelieve the evidence in behalf of the accused and his unsworn statement, these instructions are appropriate and reach the controlling issue in the case, for the corpus delicti (see discussion in Division 3) and the recent possession by the accused of some of the stolen goods are uncontradicted. As to appropriate instructions and the sufficiency of the evidence to· support a conviction for burglary based on recent possession of stolen goods plus proof of the corpus delicti, see the early cases of *Brown v. State*, 61 Ga. 311, and *Houser v. State*, 58 Ga. 78, 84.

3. The third enumeration, to the effect that the circumstantial evidence to show a breaking and entering failed to exclude every other reasonable hypothesis, because no one testified that the fifteen windows to the store were closed, is without merit. At the outset one of the owners testified that on the evening of February 5, 1959, she closed the store, that all

five doors were locked, and that on opening the store at 6:30 the next morning she found that a glass had been broken on the front door, which had been locked from the inside by three locks, so that a person could reach two of the locks, and that, in addition, the third lock, a sliding latch, had been broken. From her testimony, which is uncontradicted, we think a jury could logically infer, to the exclusion of any other reasonable hypothesis, that when she stated that the store was closed, this meant the windows as well as the doors, and that the person who entered, whoever he was, broke the glass on the front door and used this door as a means of ingress and egress.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED JUNE 4, 1969—DECIDED OCTOBER 28, 1969.

*Thomas M. Strickland,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.