## 49755. CASEY v. THE STATE.

EBERHARDT, Presiding Judge.

Contrary to her plea, the defendant was found guilty by a jury of theft by taking (shoplifting an ornamental belt from Eckerd Drug Store). She enumerates six errors which are consolidated into three contentions: (1) the state did not prove venue, (2) the trial court erred in overruling her objections to the prosecutor's cross examination of a defense witness which placed into evidence a separate offense of the defendant, and (3) the trial court erred in overruling her objection to the prosecutor's cross examination of herself which inferred she was involved in other criminal misconduct. *Held:*

1. The state's evidence as to venue was that the

crime took place "here in Cartersville" which the witness "guess[ed]" was in Bartow County. This proof of venue, though slight, is sufficient where there is no conflicting evidence. *Wells v. State,* 210 Ga. 422 (2) (80 SE2d 153); *Campbell v. State,* 202 Ga. 705 (2) (44 SE2d 903); *Downs v. State,* 175 Ga. 439 (1) (165 SE 112).

2. A defense witness testified that she was with the defendant in Eckerd Drug Store and did not observe defendant unlawfully take the belt in question. On cross examination of the witness, the prosecutor referred to a previous statement made by the witness to police investigators in which she said that on the same day she had observed defendant taking some garments from Grant's (an adjacent store) in her pocketbook and putting them in a sack in her car. Defense counsel objected on the grounds that what defendant may have done in Grant's was not relevant to the present charge, theft by taking from Eckerd's. The prosecutor responded that the evidence was introduced "to test the credibility of the witness." The trial court overruled the objection and admitted further testimony concerning Grant's for the purpose of impeaching the witness' previous "recital of what happened that day." The witness' written statement had not been introduced into evidence, and the record shows that no mention had been made at the trial concerning Grant's. Nor had the defendant's character been placed in issue.

The trial court may properly restrict cross examination of a witness to matters relevant to the issues of the case on trial. Code § 38-1705; *Waller v. State,* 213 Ga. 291 (5) (99 SE2d 113); *Quinton v. Peck,* 195 Ga. 299 (5) (24 SE2d 36); *Ammons v. State,* 88 Ga. App. 791 (78 SE2d 63). "Evidence of the commission of one crime is not admissible upon the trial of the defendant for another crime, where the sole purpose is to show that the defendant is guilty of such other crime." *Wilson v. State,* 173 Ga. 275, 284 (160 SE 319); *Williams v. State,* 152 Ga. 498 (110 SE 286); *Bacon v. State,* 209 Ga. 261 (71 SE2d 615).

The prosecutor sought to admit and the judge admitted this evidence under one of the exceptions to the above rule that testimony as to other offenses may be

admitted in rebuttal to testimony of a witness put up by the defendant. *Carrigan v. State,* 206 Ga. 707 (5) (58 SE2d 407); *Hodges v. State,* 85 Ga. App. 617, 622 (70 SE2d 48). "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." Code § 38-1803. While the witness may have previously made a statement to policemen concerning another offense of the defendant she had not mentioned the other offense in her testimony at trial. It was, therefore, neither contradictory nor relevant to her "testimony and to the case." See, e.g., *Daugherty v. State,* 225 Ga. 274 (168 SE2d 155); *Bond v. State,* 120 Ga. App. 555 (171 SE2d 634); *Kapplin v. Seiden,* 109 Ga. App. 586, 592 (137 SE2d 55); *Granger v. National Convoy &c. Co.,* 62 Ga. App. 294 (1) (7 SE2d 915). The testimony as to Grant's may have been relevant to show knowledge, motive, state of mind and/or intent, *Jeffords v. State,* 162 Ga. 573 (134 SE 169); *Williams v. State,* 62 Ga. App. 679 (9 SE2d 697), but the trial court did not admit it for that purpose. The prosecutor should not have been allowed to continue questioning on that subject and the trial court should have excluded it from evidence. The error was harmful.

3. Nor was it proper to allow the prosecutor to cross examine the defendant on the subject of policemen having frequently been to defendant's house on previous occasions for unspecified reasons. The innuendo is not relevant to defendant's credibility since there is no contradiction between her statement that she was afraid of Eckerd's store manager and not of the policemen. Nor is it relevant to any other issues in the trial nor to her character since it had not been placed in issue. *Bowen v. State,* 123 Ga. App. 670 (182 SE2d 134); *Smith v. State,* 91 Ga. App. 360, 361 (85 SE2d 623).

*Judgment reversed. Deen and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 30, 1974 — DECIDED OCTOBER 24, 1974.

*Greene & Greene, William B. Greene,* for appellant.

*David N. Vaughan, Jr., District Attorney,* for appellee.