## 59260. MARSHALL v. THE STATE.

SOGNIER, Judge.

Marshall was convicted in the Superior Court of Dougherty County of armed robbery. On appeal he contends the evidence is not sufficient to support the verdict and that the trial court erred by denying Marshall his right to cross examine a state witness concerning the victim's credibility.

1. The evidence authorized the jury to find that around 1:00 or 1:30 a.m., July 19, 1978 Allen Coryell was washing his car at a self-wash station in Albany. A man later identified as Marshall came out of a Majik Market across the street, approached Coryell and struck up a conversation. After telling Coryell that he (Marshall) was struggling as a college student and often did not have enough to eat, Coryell offered to buy breakfast for Marshall. They departed in Coryell's car and after dropping some ice cream off that Marshall had bought for a friend, went to Sambo's and had breakfast. Thereafter Coryell bought an eight-pack of beer, took two bottles for himself and gave the rest to Marshall. Coryell was taking Marshall home, and as they arrived at the apartment where Marshall lived, he threw an empty beer bottle in a Dempsey

dumpster. Marshall insisted that Coryell meet Marshall's mother, and as they approached what was allegedly Marshall's apartment, he pointed a cocked pistol at Coryell and ordered him to empty his pockets. After placing a beer bottle on the porch, Coryell complied with Marshall's order. Marshall took approximately $200 cash and departed. Coryell drove back downtown, found a policeman and reported the robbery. The policeman had Coryell retrace his route and eventually located the apartment complex where the robbery occurred. A beer bottle with Marshall's fingerprints on it was found in the Dempsey dumpster pointed out by Coryell and the beer bottle placed on the porch by Coryell was still there. Other testimony corroborated Coryell's testimony, and Marshall was identified positively. Although Marshall denied robbing Coryell, the weight of the evidence and credibility of witnesses are questions for the triers of fact. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). The evidence recited above is more than sufficient to support the verdict. We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of Marshall's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. In regard to Enumeration 2, the objection referred to did not relate to a question attacking the credibility of Coryell. Rather, the question asked was "[D]id you convince Detective Cochran that this, in fact, happened?" Coryell would have no way of knowing what Detective Cochran believed or did not believe, and the trial court was correct in sustaining the objection to such a question. Answers constituting mere conclusions, surmise or conjecture are properly excluded from evidence (Code Ann. § 81A-161, *Reliford v. Central of Georgia R. Co.,* 140 Ga. App. 782 (232 SE2d 129) (1976)), and a witness cannot state a mere conclusion that others than himself knew a particular fact where it is not established that the witness was qualified to testify as to the knowledge of others. *Srochi v. Kamensky,* 121 Ga. App. 518 (174 SE2d 263) (1970).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 14, 1980 — DECIDED APRIL 11, 1980.

*Donald E. Strickland,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.