## A96A0165. BRINKWORTH v. THE STATE.
(474 SE2d 9)

McMURRAY, Presiding Judge.

Defendant Brinkworth appeals his conviction of the offense of simple battery. *Held*:

1. The State's evidence as to venue was that the crime occurred at "Dugan's Restaurant on Memorial Drive," and when asked whether that establishment was located in DeKalb County, the victim answered: "I guess it would be." Since there is no conflicting evidence, this slight proof of venue is sufficient to authorize a jury to conclude that this element of the State's case was proven beyond a reasonable doubt. *Casey v. State*, 133 Ga. App. 161 (1), 162 (210 SE2d 375). Since the State's evidence shows that defendant struck the victim's chin with his hand in an unprovoked attack, the jury was authorized to conclude that defendant was guilty beyond a reasonable doubt of simple battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court refused to instruct the jury using defendant's requested charge that "physical contact is required to prove a simple battery." Instead, the trial court used a charge requested by the State which used the language of OCGA § 16-5-23 (a), "A person commits the offense of simple battery when he either: (1) [i]ntentionally makes physical contact of an insulting or provoking nature . . .; or (2) [i]ntentionally causes physical harm to another."

During their deliberations the jury returned to the courtroom with a question for the trial court. "May we have clarification of simple battery? Does this, in this charge, necessarily include bodily contact? Could it be just verbal in this charge?" In response, the trial court repeated its earlier charge on simple battery including the quoted language taken from OCGA § 16-5-23 (a). After the jury resumed deliberations, defendant requested that his earlier refused charge be given to the jury since it spoke directly to the issue raised by the jury's question. This request was denied, and shortly thereafter court was recessed for the night and the jury sent home.

The following morning defendant renewed his request that the jury be given his refused charge that "physical contact is required to prove a simple battery." Although the trial court initially agreed to do so, after argument from the prosecuting attorney and establishing on the record that the jury had no further questions following the earlier recharge, defendant's motion was denied.

Defendant now enumerates as error the refusal to give his refused instruction in the recharge of the jury, arguing only the duty of the trial court to charge fully on the elements of the crime which was the subject of the recharge. There is no contention that the charge used by the trial court was incorrect, or that there was any detrimental reliance on the trial court's expression of intent to give the refused charge. The most that can be drawn from defendant's argument is a contention that the instruction used by the trial court was incomplete. But we reject this argument since the instruction used by the trial court clearly identifies "physical contact" as an element of the crime of simple battery. The trial court was not obligated to instruct the jury in the exact language requested; it was sufficient that the same principle of law was fairly covered in the instructions actually given the jury. *Meeks v. State*, 216 Ga. App. 630, 631 (3), 632 (455 SE2d 350).

*Judgment affirmed. Birdsong, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. Beasley, C. J., and Smith, J., concur specially. Pope, P. J., and Ruffin, J., dissent.*

BEASLEY, Chief Judge, concurring specially.

I concur in Division 1 and also in Division 2, with respect to which it is important to consider the jury charge in the context of the accusation, which contained two counts. One charged a violation of OCGA § 16-5-23.1, battery. The other charged that Brinkworth "committed the offense of SIMPLE BATTERY by intentionally making contact of an insulting and provoking nature with [the victim] by HITTING HIM in violation of OCGA § 16-5-23." Thus the words of the statute were used in both the accusation and the jury charge, and defendant was not entitled to a jury instruction employing other words introducing the idea that the statutory words meant other than what they clearly conveyed.

I am authorized to state that Judge Smith joins in this special concurrence.

RUFFIN, Judge, dissenting.

As stated in Division 1 of the majority opinion, the only evidence "proving" venue in DeKalb County was the victim's testimony that she "guessed" the crime occurred there. Although *Casey v. State*, 133 Ga. App. 161 (1) (210 SE2d 375) (1974), relied on by the majority, provides authority for its decision, I believe *Casey* was wrongly decided and should be overruled. Accordingly, I respectfully dissent.

The United States Supreme Court has observed that venue is a matter that touches "closely the fair administration of criminal justice and public confidence in it[,]" and commanded that we not treat it as "merely [a matter] of formal legal procedure." *United States v.*

*Johnson*, 323 U. S. 273, 276 (65 SC 249, 89 LE 236) (1944). It is from this perspective that I question not only the sufficiency of venue evidence in this case, but also the State's "burden" for proving venue generally.

While the majority correctly states the general rule that where venue is not contested slight proof will suffice, it is equally true that venue is an essential element in proving guilt, and like every other material allegation, must be proved beyond a reasonable doubt. *Thayer v. State*, 189 Ga. App. 321, 322 (1) (376 SE2d 199) (1988); *Carter v. State*, 146 Ga. App. 681 (247 SE2d 191) (1978). Because all material allegations must be proven by competent, affirmative evidence, evidence showing only "[a] bare suspicion . . . is not sufficient." *Diggs v. State*, 90 Ga. App. 853, 857 (1) (84 SE2d 611) (1954); *Sokolic v. State*, 228 Ga. 788, 790-791 (187 SE2d 822) (1972). Testimony constituting mere surmise or conjecture most certainly lies within this latter category. See *Marshall v. State*, 154 Ga. App. 327, 328 (2) (268 SE2d 383) (1980).

In *Dickerson v. State*, 186 Ga. 557 (199 SE 142) (1938), our Supreme Court conducted an exhaustive review of earlier cases in which venue was and was not proven by the evidence presented. Although the Court decided that the record before it contained sufficient evidence of venue, it noted that the defendant's argument as to venue was based on "mere conjecture, unsupported by evidence or any reasonable inference deducible therefrom." Id. at 563. If a defendant is not permitted to attack venue with mere conjecture, the State *should not* be permitted to meet its burden with such testimony.

In this case, the only "evidence" of venue was conjectural. There was no competent evidence showing affirmatively that Brinkworth committed the offense in DeKalb County. At best, the victim's indefinite testimony showed "only that it was *possible* the crime was committed within the jurisdiction of the court [which] is insufficient to establish venue. [Cits.]" (Emphasis in original.) *Royster v. State*, 108 Ga. App. 269, 270 (1) (132 SE2d 830) (1963).

Similarly, in *Casey*, relied on by the majority, the only evidence of venue was a witness's "guess" that Cartersville was located in Bartow County. Id. at 162. The court in *Casey* cited three cases purportedly supporting its conclusion that venue could be established by mere guesswork. See *Wells v. State*, 210 Ga. 422 (2) (80 SE2d 153) (1954); *Campbell v. State*, 202 Ga. 705 (2) (44 SE2d 903) (1947); and *Downs v. State*, 175 Ga. 439 (1) (165 SE 112) (1932). However, those cases state only the general rule regarding slight evidence, and more importantly, none of the cases relied on mere conjecture to prove venue. Based on the above authority, I believe *Casey* should be overruled.

I am also compelled to note my reservations with the rule requiring only slight evidence of venue. That rule requires, in effect, that if the defendant does not produce any evidence of venue, then the State may meet its burden with only slight evidence. I believe that such a rule erroneously places a burden on the defendant to produce evidence as to an essential element of the crime. It is well settled that a defendant never has such a burden, and that the State always has the burden of proving each element of the crime beyond a reasonable doubt. *Sokolic*, supra.

Furthermore, a rule requiring only slight evidence diminishes the State's burden without reason. As with other material allegations, the State is required to produce competent evidence of venue. See *Thayer*, supra; *Weeks v. State*, 220 Ga. App. 141, 143 (2) (469 SE2d 316) (1996). It is then for the factfinder to decide whether he or she is persuaded beyond a reasonable doubt that the State has proven venue. See id. The factfinder weighs the evidence and determines its credibility. Id. Whether the factfinder is persuaded by only slight evidence or some greater amount of proof should not be a matter of rules; it is a matter of presenting evidence and decision-making, functions which peculiarly belong to the prosecutor and the factfinder, respectively. The rule allowing venue to be proven by only slight evidence is at best superfluous, and only clouds the law concerning the State's burden of persuasion, while in some cases allowing the State to escape its burden of proving venue by competent evidence, beyond a reasonable doubt. There is no virtue in a jurisprudence of hypocrisy. If truth is to take a leave of absence, such leave should not be judicially impelled nor judicially compelled.

"Where venue is not established by the State, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven. [Cit.]" (Punctuation omitted.) *Thayer*, supra at 322. See also *Parks v. State*, 212 Ga. 433, 435 (3) (93 SE2d 663) (1956). Because the only evidence of venue in this case constituted mere conjecture, I believe the conviction should be reversed. Accordingly, I dissent.

I am authorized to state that Presiding Judge Pope joins in this dissent.

DECIDED JUNE 18, 1996 —
RECONSIDERATION DENIED JULY 12, 1996 —

*John K. Dunlap*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Lisa A. Jones, Walter C. Howard, Assistant Solicitors*, for appellee.